Theodore Stone *vs.* John F. Mullen & others.

Berkshire.    September 21, 1926. — October 28, 1926.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Negligence*, Contributory, In use of highway, Motor vehicle.

At the trial of an action of tort for damages resulting when an automobile
driven by the plaintiff ran into a motor truck of the defendant from
the rear, it appeared that the accident occurred on a clear night just
after sundown and on a concrete highway of ample width and dry
surface, practically straight and level; that the truck was not lighted,
was about six feet in width, was loaded to approximately ten feet in
height with cotton bales of grayish color showing white spots of cotton
here and there at the rear end, and that it was at a standstill well on
the right hand side of the road.  The plaintiff testified that his eye-
sight was perfect, his car in good running order, the wind shield clean,
the brakes in first class condition, the lights strong and well focused,
that by the light thereof he could see objects in the road one hundred
yards away, and that he was within fifteen feet of the standing truck
before he saw it.  *Held*, that as a matter of law the inevitable conclu-
sion from the plaintiff's testimony was that his negligence contributed
to the injury.

Tort for damages resulting when an automobile driven by
the plaintiff ran into a motor truck of the defendants from
the rear.  Writ in the District Court of Northern Berkshire
dated May 19, 1925.

In the District Court, the defendants asked for a ruling,
"As a matter of law, the plaintiff was not in the exercise of
due care at the time of the accident described in his declara-
tion and therefore cannot recover."  The judge found for
the plaintiff in the sum of $150 and reported the action to
the Appellate Division for the Western District, who
ordered, "ruling on defendant's first request for ruling
reversed; Judgment to be entered for defendant."  The
plaintiff appealed.

*M. E. Couch*, (*J. B. Boland* with him,) for the plaintiff.

*W. J. Donovan*, for the defendants.

Sanderson, J.  An automobile, driven by the plaintiff,
was damaged as the result of coming in contact with a truck

belonging to the defendant, and the question presented for decision is whether, as matter of law, the plaintiff failed to exercise due care.

The accident occurred on April 15, 1925, on the road from Williamstown to North Adams with the truck headed toward North Adams. It had run out of gas and was at a standstill well on the right hand side of the road, which was of concrete, of ample width, and from the point of the accident westerly for several hundred yards, practically straight and level. Its surface was dry and the night clear. The truck was not lighted. The exact hour of the accident was in dispute. Some of the testimony tended to show that it was then not a half hour after sunset, but the report states that "there was evidence upon which the court could find that it was growing dusk and more than a half hour after sunset, provided the court had the right to take judicial knowledge of the time that the sun set on the day of collision. At the time of the accident, some automobiles being operated along the road were lighted and some were not. The truck was about six feet in width and was loaded to approximately ten feet in height with cotton bales of grayish color showing white spots of cotton here and there at the rear end.

The plaintiff, driving in the direction in which the truck was headed, approached it from behind. He testified that his eyesight was perfect, his car in good running order, the wind shield clean, the brakes in first class condition, the lights strong and well focused, and by the light thereof he could see objects in the road one hundred yards away. He was within fifteen feet of the standing truck before he saw it, and upon seeing it he set his brakes and swerved to the left in an attempt to pass it. As he did this his automobile caught the left rear end of the truck and was damaged. After the collision his car continued across the road and was not brought to a stop until it had gone off the concrete and beyond the gravel shoulder, travelling a distance of about twenty-five feet. There was evidence that the speed of the plaintiff's automobile was from twenty to twenty-five miles an hour.

Disinterested witnesses, one travelling on foot and one in a

lighted automobile, testified that as they approached the truck from the east they saw it one hundred or more feet away. One of these witnesses testified that after he had passed the truck a short distance he saw the plaintiff's car proceeding directly toward the end of the truck, and that upon turning back before the collision he saw the truck with the aid of the plaintiff's lights. There was evidence that at the point where the truck stood trees with overhanging branches were at the edge of the road.

It is assumed for the purposes of this decision that the plaintiff had a right to rely to some extent on the expectation that motor vehicles would be lighted at the hour of the collision. But notwithstanding that assumption, upon the admitted facts and the account of the accident given by the plaintiff, he should have seen a stationary object in the road of the size and appearance of the loaded truck in time to avoid running into it. He could have seen objects in the road ahead of him one hundred yards away, and yet, on his own testimony, with nothing to distract his attention so far as appears, he did not see the truck until he was within fifteen feet of it. The inevitable conclusion from the plaintiff's testimony is that he was careless. See *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 379.

Order of Appellate Division that judgment be entered for the defendants is affirmed.

*So ordered.*