## William E. McTighe *vs.* Union Freight Railroad Company.

Suffolk.    January 12, 1931. — January 28, 1931.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Sanderson, JJ.

*Negligence,* In use of way, Railroad, Motor vehicle, Contributory. · *Union Freight Railroad Company.*

At the trial of an action of tort for personal injuries against Union Freight Railroad Company, there was evidence for the plaintiff that, while he was operating an automobile on Atlantic Avenue in Boston on a foggy, misty night at the rate of ten to fifteen miles per hour, he slackened his speed and turned onto the defendant's tracks in the middle of the way to avoid a truck; that, after going some sixty feet on the tracks, he saw a car of the defendant, one of a train of freight cars ·with an engine in the rear, moving slowly toward him without lights or other warning of its approach; that there was smoke from the engine; that, thinking that the "car would jam down on him" if he turned to his right, he turned to his left, whereupon the automobile collided with the car. There was evidence for the defendant that the car was not moving and evidence contradicting the plaintiff's evidence as to weather conditions and the speed of the plaintiff's automobile. There appeared to be no statute, ordinance, rule or practice with reference to the use of lights or signals on the defendant's cars at night. *Held,* that

(1) Although the defendant was entitled to move its cars on the way, it was required to use proper care to notify other travellers of the presence of the moving cars;

(2) The evidence warranted a finding that the defendant was negligent; .

(3) The plaintiff was entitled to operate his automobile on the defendant's tracks;

(4) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence; ·

(5) A verdict for the plaintiff was warranted.

Tort.    Writ dated October 5, 1927.

Material evidence at the trial in the Superior Court before *Walsh,* J., is stated in the opinion. The judge denied a motion by the defendant. that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $2,450. The defendant alleged an exception.

*E. J. Phillips,* for the defendant.

·    *J. A. Daly,* for the plaintiff.

CARROLL, J.  On April 26, 1927, at about 12:30 A.M. the plaintiff, while driving a motor vehicle along Atlantic Avenue, Boston, in a southerly direction, was injured by reason of a collision with a freight car forming part of a train of cars operated by the defendant.  The case is in this court on the defendant's exceptions.

There was evidence that rain had fallen during the night, that the street was wet, that there was a fog and a slight mist in the locality.  The plaintiff testified that before he came to Richmond Street he saw a truck which was stopped " diagonally across the road so that he could not pass it on the right and he went along under the elevated structure "; that after he had gone about sixty feet beyond Richmond Street he saw " this object looming in front of . . . [him] through the mist and smoke; heavy with smoke from the engine "; that he turned to the left " threw on his brakes and swung the car at the same time "; that " if he had swung the other way he figured that the car would jam down on him "; that he was "sure the car was moving "; that he saw no light on the car, nor any one with a lantern in the vicinity; that as he " turned upon the Union Freight track he was going twelve, fifteen or ten miles an hour "; that he " slowed down some."

Atlantic Avenue runs north and south.  There are four tracks in the street.  The two outside tracks are the tracks of the Boston Elevated Railway; the two inside tracks are the tracks of the defendant.  Between the tracks is a line of pillars supporting the elevated railway structure.  There is a street arc light at the corner of Richmond Street and Atlantic Avenue.

The evidence was conflicting, but the jury could find that the cars of the defendant were moving slowly in a northerly direction; that the engine was on the southerly end of the train; that there was some fog, smoke and mist; that there was no light on the moving car; that no notice of its approach was given; that the plaintiff was travelling fifteen or ten miles an hour; that when he first saw the moving car he slowed down.  If this evidence were believed the jury could say the defendant was negligent.

It is not disputed that it had the right to move its cars on the public way, but it was required under all the circumstances, including the time of night, the condition of the street, the presence of fog and smoke, to use proper care to notify travellers of the moving cars, either by a light or in some other way. Evidence was introduced by the defendant tending to show that there was no fog or mist, that the train was not moving, that the plaintiff was going at the rate of thirty to thirty-five miles an hour, but the jury were not required to believe this evidence. They could find that the defendant did not use proper care for the safety of the travelling public.

The plaintiff had an equal right with the defendant to use the highway. The defendant was called upon to exercise reasonable prudence to prevent its cars colliding with travellers on the highway. It was required to give reasonable notice of the approach of its cars. *Scannell* v. *Boston Elevated Railway,* 176 Mass. 170. *Tashjian* v. *Worcester Consolidated Street Railway,* 177 Mass. 75. *Mercier* v. *Union Street Railway,* 230 Mass. 397. *Herman* v. *Middlesex & Boston Street Railway,* 235 Mass. 179. The jury, therefore, could on all the facts have found that the defendant was guilty of negligence; that its negligence was the cause of the accident.

Assuming there is no statute or ordinance regulating the use of lights on the defendant's cars while moving at night on the street, that there was no evidence of any rule or practice with reference to the use of lights or signals, this is not an excuse for the defendant's failure to use that degree of caution which the circumstances demanded. Notwithstanding the cars were moving slowly, it could have been found that their movement contributed to the plaintiff's injury.

The burden of proving the plaintiff's lack of due care was not sustained. He could travel on the tracks of the approaching cars. If the jury believed his testimony, he had no notice of their approach. The jury could have found his rate of speed was not excessive. It does not clearly appear at what rate of speed he passed the inter-

section of Richmond Street and Atlantic Avenue; even if that fact could be found to be material, as the collision occurred some fifty or sixty feet beyond the intersection, according to the plaintiff's evidence, his care was a question of fact and it cannot be said as matter of law that, travelling as he did with no knowledge of the presence of the car on the track, and considering all the circumstances, he was careless. See *Fitch* v. *Bay State Street Railway*, 237 Mass. 65; *Donovan* v. *Mutrie*, 265 Mass. 472; *Smith* v. *Boston Elevated Railway*, 266 Mass. 424.

The defendant relies on *Mailhot* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 277. It is not in conflict with our conclusion. There the plaintiff ran into a freight train on a highway crossing. In *Stone* v. *Mullen*, 257 Mass. 344, the plaintiff could have seen the truck with which he collided for a hundred yards, in time to avoid striking it. In the case at bar there was no evidence of this kind. The other cases cited in the defendant's brief are to be distinguished. The case was submitted properly to the jury.

*Exceptions overruled.*