## DAUGHERTY v. POMPEO TRANSPORTING CORPORATION.

### No. 2714.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1932.

William H. Murphy, of Marlboro, Mass. (James M. Hurley, of Marlboro, Mass., on the brief), for appellant.

S. P. Townsend, of Boston, Mass. (Joseph Wentworth, Warren B. Manhard, and Choate, Hall & Stewart, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

In this action of tort to recover for personal injuries received in an automobile accident case, the court, at the close of the evidence, ordered a verdict for the defendant, on the ground that, as matter of law, the plaintiff was guilty of contributory negligence.

On a hot summer's night, plaintiff was riding, on the right of the front seat, in a Cole touring car, driven by Ralph Curtis, and owned by Reginald King. Between the driver and the plaintiff there was a small boy; in the rear was King, the owner, and a Mrs. Newhall and three children.

The evidence warranted a finding that the lights and the brakes were functioning properly, and that the alleged defect in the carburetor would at most reduce the potential speed of the car. In the early morning of August 15, 1926, headed towards Boston from Worcester, this car collided with a five-ton Mack truck, with a freight car body, standing on the right side of the road, the left-hand wheels about one and one-half feet to the right of the white center line of the road. The evidence warranted a finding that the truck was unlighted; that McCarthy, the driver, had stopped to fix a loose muffler, and was under the truck when the Cole car ran into the rear of the truck. The plaintiff, the driver and the owner of the Cole car all testified that they did not see it until within fifteen to twenty-five feet of it, and that then the driver made an effort to avoid the collision by cutting to the left—with the result that the right front wheel of the Cole car crashed into the left rear corner of the truck.

The defendant concedes that there was evidence for the jury of the defendant's negligence and that plaintiff had the legal status of a passenger. The ruling below involved a holding that, as matter of law, the passenger sitting at the right of the driver was guilty

of contributory negligence, in not seeing the truck and effectively warning the driver, so as to avoid collision with the unlighted truck, towards which they were moving.

We think this was plainly a question for the jury. This was not one of the "rare instances that it can be ruled as matter of law that a burden of proof depending upon oral testimony has been sustained." Duggan v. Bay State Street Railway Co., 230 Mass. 370, 379, 119 N. E. 757, 760, L. R. A. 1918E, 680. While a passenger has the duty of using reasonable care for his own safety, each case must be decided on its own facts. Woolner v. Perry, 265 Mass. 74, 163 N. E. 750. It cannot be said, on the evidence in this case, that the only rational inference that can be drawn is that this plaintiff was guilty of contributory negligence in failing to prevent that accident; Stone v. Mullen, 257 Mass. 344, 153 N. E. 565; or that he had no right to rely in any degree upon the care of the driver and was negligent if he did so.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.