SYLVESTER E. HOXIE, administrator, *vs.* ROBERT A. BARDWELL.

SAME *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Hampshire.    May 17, 1934. — June 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence*, Contributory, In use of way, Violation of statute.

At the trial of an action by an administrator for the death of his intestate, it could not properly have been ruled as a matter of law that the intestate was guilty of contributory negligence, on evidence that, while riding a bicycle without lights thereon at night in violation of G. L. (Ter. Ed.) c. 85, § 13, on the right side of an icy and slippery street,

at a time when a fine snow was falling, he was struck from the rear by an automobile operated by the defendant in the same direction.

At the trial above described, it could not properly have been ruled as a matter of law that such violation of said § 13 had a causal connection with the intestate's being struck or that the plaintiff was barred from recovery by such violation.

Two ACTIONS OF TORT. Writs dated March 7, 1932.

The actions were tried together in the Superior Court before *T. J. Hammond*, J. Material evidence is stated in the opinion. In each action, the judge denied a motion that a verdict be ordered in the defendant's favor, there was a verdict for the plaintiff in the sum of $4,000, and the defendant alleged an exception.

*J. N. Clark*, for the defendants.

*G. L. Burke*, for the plaintiff.

PIERCE, J. These are actions of tort against the operator and the owner, respectively, of a motor vehicle, for causing the death of the plaintiff's intestate. The cases were tried to a jury in the Superior Court. At the close of all the evidence the defendant moved and the judge refused in each case to direct a verdict for the defendant. To these refusals the defendants duly excepted. The cases were submitted to the jury under full and appropriate instructions to which no exceptions were taken.

The evidence warranted the jury in finding the following facts: On November 27, 1931, the day of the accident, the defendant Bardwell was an employee of the New England Telephone and Telegraph Company (hereafter called the company) and between 5 and 5:10 P.M. was operating a duly registered motor truck of said company, in the course of his employment, on the road between Williamsburg and Haydenville running in the direction of Northampton. On that day the sun set at 4:21 P.M. At the time of the collision with the intestate there was a fine snow falling. The windshield wiper of the truck was operating and wiped off the snow, but a film was left on the windshield and Bardwell did nothing to make it clear. The road was very icy and slippery. There were two inches of snow beside the travelled part of the road but only a "flurry"

on the travelled part. The intestate, Harold E. Mason, was riding a bicycle without lights, near the right of the road, in the same direction the automobile truck was proceeding. The lights of automobiles coming from the opposite direction several hundred feet away were visible. The headlights on the truck were on in an elevated position, throwing a beam nearly parallel with the road. Bardwell could have seen the road better with lights turned in a lower position toward the road. The first thing he noticed was snow being tossed up in the air from the rear wheel of the bicycle. He gave his truck a swerve to the left, saw the wheel of the bicycle about five feet ahead, but hit it before he saw the rider. As a result of pulling to the left he crossed to the left side of the road and travelled a distance of about one hundred fifteen feet, breaking off a square wooden road marker and coming to rest against a telephone pole. The intestate and bicycle were carried on the front of the truck. The intestate received injuries from which he died without conscious suffering. The defendants admit negligence on the part of the driver of the truck.

With the admission of negligence by the defendants the only question before this court is: Was the intestate as matter of law guilty of contributory negligence in riding the bicycle, at the time of the accident, without a light attached to the bicycle visible from the front and rear? G. L. (Ter. Ed.) c. 231, § 85, reads: "In all actions, civil or criminal, to recover damages . . . for causing the death of a person, the person . . . killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defence to be set up in the answer and proved by the defendant." G. L. (Ter. Ed.) c. 85, § 13, reads: "Whoever . . . rides a bicycle in or upon a public way, square or park or land or driveway appurtenant to a public reservoir . . . during the period from one half hour after sunset to one half hour before sunrise, without a light attached to the bicycle visible from the front and rear . . . shall be punished by a fine of not more than twenty dollars, and shall be further

liable for all damages occasioned to any persons thereby; provided that proceedings for the enforcement of such penalty shall be commenced not later than sixty days after the offence is committed." On the facts disclosed in the bill of exceptions it is plain that the defendants as matter of law did not overcome the presumption that the intestate when killed, by the negligence of the defendant Bardwell, was in fact in the exercise of due care.

The contention of the defendant, therefore, must rest upon the proposition that the violation of G. L. (Ter. Ed.) c. 85, § 13, is not merely evidence of negligence but evidence which constitutes negligence as matter of law. Sections 3 and 4 of R. L. c. 54, (similar to G. L. [Ter. Ed.] c. 85, § 13,) read as follows: § 3. "No person shall travel on a bridge or way with a sleigh or sled drawn by a horse, unless there are at least three bells attached to some part of the harness"; § 4. "Whoever violates the provisions of this chapter shall, upon complaint made within three months after the commission of the offence, forfeit not more than twenty dollars, and be liable in an action commenced within twelve months after the date of said violation for all damage caused thereby." In *Bourne* v. *Whitman*, 209 Mass. 155, 169–170, Chief Justice Knowlton, directing attention to § 3 of R. L. c. 54, said: "The wrong to be prevented is the failure to have bells [here lights] while travelling in this way. The travelling in other respects [as here] is unobjectionable. The question arises whether the act should be deemed illegal as a whole, in reference to the rule that the courts will not aid one to obtain the fruits of his disobedience of law, or whether in this aspect its different qualities may be considered separately. It is possible to decide this question either way, but we think it is more consistent with justice and with the course of decision elsewhere, to hold that, in reference to the law of negligence and the rule as to rejection of causes of action that are founded on illegality, an act may be considered in its different aspects in its relation to the cause of action, and if only that part of it which is innocent affects the cause of action, the existence of an illegal element is im-

material. We do not think, under this statute, that one who drives in a sleigh without bells should be treated as a trespasser on the highway, although he is punishable criminally for the failure to have the bells attached to the harness, and is liable in damages to any member of the public who suffers a special injury by reason of this failure." This decision is a complete answer to the defendants' contention that absence of lights in violation of the statute in and of itself was a defence to the action. We think that the absence of lights on the bicycle could not as matter of law have been ruled to have had a causal connection with the injury to the plaintiff's intestate, and that the motion in each case for a directed verdict for the defendant was denied rightly.

*Exceptions overruled.*