ANTHONY F. JACOBS *vs.* MANUEL MONIZ.

Suffolk.   November 13, 1933. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory, Violation of statute, Violation of rule of registrar of motor vehicles.

At the trial of an action of tort for personal injuries sustained when an automobile operated by the plaintiff collided in the night time with the rear of a truck of the defendant, there was evidence that the truck, with no light so displayed as to be visible from the rear as required by G. L. (Ter. Ed.) c. 85, § 15, had been standing for about an hour on a steep down grade about one hundred twenty-five yards from the top of a hill, entirely upon a concrete highway at a point where at its right was a soft gravel shoulder sloping down from the road. *Held,* that the evidence warranted a finding of negligence on the part of the defendant.

Evidence at the trial above described respecting the conduct of the plaintiff was that the way was constructed with a middle lane of tarred gravel and two outer lanes of concrete; that he was proceeding at the rate of about twenty-five miles per hour in the same lane where the truck stood; that he first saw the truck ahead of him when he was thirty feet distant from it, put on his brakes, and turned his automobile sharply to the left, but did not entirely clear the truck; and that there was nothing to obstruct the plaintiff's view of the truck after he came to the top of the hill. The appearance of the truck and of its load as to visibility was not shown. A rule of the registrar of motor vehicles approved by the department of public works required that headlights of automobiles should make clearly visible all vehicles, persons or substantial objects upon the roadway ahead within a distance of one hundred sixty feet. On cross-examination the plaintiff testified that the "lights of his car throw one hundred feet or more." *Held,* that

(1) The testimony of the plaintiff on cross-examination did not require a ruling as a matter of law that he was guilty of contributory negligence because he violated the rule of the registrar;

(2) The mere fact that a rear end collision occurred, without consideration of the preceding and attending circumstances, would not as matter of law require a finding that the plaintiff was negligent;

(3) In the circumstances, it could not properly be ruled as matter of

law that in the operation of his automobile the plaintiff was not entitled to rely to some extent on the expectation that such a vehicle as the truck would bear a rear red light in compliance with the law and thus would give him warning of its presence;

(4) The question, whether negligence of the plaintiff contributed to his injury, was for the jury.

TORT. Writ dated September 5, 1929.

In the Superior Court, the action was tried before *Morton*, J.

The defendant introduced in evidence the following section from the rules and regulations concerning headlamps on motor vehicles, duly approved by the registrar of motor vehicles on November 12, 1928, and duly approved by the department of public works on November 14, 1928: "SECTION 1. If and when, during the period when motor vehicles are required to display lights by section 7 of chapter 90 of the General Laws and amendments thereof, there is not sufficient light within the traveled portion of the highway to make clearly visible all vehicles, persons or substantial objects within a distance of at least 160 feet, no automobile shall be operated unless it is equipped with two lighted headlamps of approximately equal candle power which shall throw sufficient light ahead to make clearly visible all vehicles, persons or substantial objects upon the roadway within a distance of 160 feet; and no motor cycle shall be operated unless it is equipped with one headlamp which shall throw sufficient light ahead to make clearly visible all vehicles, persons or substantial objects upon the roadway within a distance of 115 feet."

The collision, described with other material evidence in the opinion, occurred on the turnpike in Canton. A verdict was ordered for the defendant, and the judge reported the action for determination by this court.

*G. J. Barry*, (*W. F. Levis* with him,) for the plaintiff.

*E. Field*, (*R. H. Field* with him,) for the defendant.

DONAHUE, J. The plaintiff was injured and his automobile damaged when at about 2:30 in the morning of July 17, 1929, it collided with the rear of the defendant's truck, which, headed in the same direction as the automobile, had

been stopped on its right hand side of the highway while the defendant was repairing a blown out tire. The case was tried in the Superior Court before a jury upon an auditor's report introduced by the plaintiff and upon evidence presented by the defendant. At the close of the evidence the trial judge directed a verdict for the defendant and reported the case to this court, the report containing a provision that if his action was wrong the case was to be remanded to the Superior Court for a new trial, and that otherwise judgment should be entered on the verdict.

There was evidence justifying the findings that the defendant's truck had been stopped for about an hour on a steep down grade, entirely upon a concrete highway at a point where at its right there was a soft gravel shoulder sloping down from the road and, at the time of the collision, with no light so displayed as to be visible from the rear as the statute required. G. L. c. 85, § 15. *Commonwealth* v. *Henry*, 229 Mass. 19. The evidence if believed would warrant the conclusion that the defendant was negligent. *Hallett* v. *Crowell*, 232 Mass. 344. *Lounsbury* v. *McCormick*, 237 Mass. 328. *Woolner* v. *Perry*, 265 Mass. 74. *McTighe* v. *Union Freight Railroad*, 274 Mass. 312. The further question here to be considered is whether the evidence required the conclusion that the plaintiff's own lack of care contributed to cause the collision.

The truck was standing on the highway headed down a long hill, the top of which might have been found to be one hundred twenty-five yards back of the truck. The road was constructed with a middle lane of tarred gravel and two outer lanes of concrete. The plaintiff's automobile was proceeding in the same direction that the truck was headed and in the same lane at the rate of about twenty-five miles an hour. According to the plaintiff's testimony he first saw the truck ahead of him at the distance of about thirty feet. He put on his brakes, turned his automobile sharply to the left, but did not entirely clear the truck. The right side of his automobile near its rear came in contact with the left rear part of the truck. The road was straight and the grade uniform from the top of the hill to the place where the truck

stood and there was on the highway between the plaintiff's automobile in its course from the top of the hill to the vicinity of the truck no vehicle or other object of a character to obstruct the view. A witness, called at the trial before the jury by the defendant, in describing the grade testified that any part of the road between the top of the hill and the scene of the accident was perfectly visible to one at the top of the hill. This would seem to be merely descriptive of the character of the grade and straightness of the road and not a relation of what the witness actually found to be visible in the darkness when the accident happened. At any rate the jury might have found that to be its significance. Furthermore, the plaintiff cannot be taken to be bound by that testimony, which was introduced by the defendant. *Haun* v. *LeGrand*, 268 Mass. 582. *Boni* v. *Goldstein*, 276 Mass. 372. The jury might have found that the only testimony as to the actual extent of visibility in the darkness of the morning in question came from the plaintiff who testified that he first saw the truck at the distance of about thirty feet and from the defendant who testified that from the rear of his truck he had an unobstructed view of forty to fifty feet. The truck was loaded with forty boxes, each with its contents weighing forty pounds, piled four boxes high. There was no testimony as to the color of the boxes or as to the appearance of the load or of the truck as regards visibility. (Compare *Stone* v. *Mullen*, 257 Mass. 344.)

There was no testimony by the plaintiff as to the distance ahead that he in fact saw objects by the light of his headlamps on the night in question. On cross-examination he testified that the "lights of his car throw one hundred feet or more." If we take this testimony to mean that at the time of the accident the power of his headlights was such as to throw light on objects distant one hundred feet and some more, though not enough more to meet the requirements of the regulation of the registrar of motor vehicles, which was in evidence, this would furnish evidence of the plaintiff's negligence but would not require the ruling that as matter of law negligence of the plaintiff contributed to cause his injury and damage. *Hoxie* v. *Bardwell*, 287

Mass. 121. *Kzcowski* v. *Johnowicz*, 287 Mass. 441. The distance at which the plaintiff's headlights in fact made objects on the highway visible was a circumstance to be taken into account with other established circumstances in determining whether the only rational inference from his conduct was that his own negligence contributed to cause his injury and damage.

The mere fact that a rear end collision occurred, without consideration of the preceding and attending circumstances, would not as matter of law require the finding that the plaintiff was negligent. *Hendler* v. *Coffey*, 278 Mass. 339. Taking the view of the evidence most favorable to the plaintiff, his conduct with reference to the use of care as he operated his automobile upon the highway before the accident must now be judged by those conditions on the highway ahead of him which it can fairly be said he should reasonably have foreseen. It was dark and there was little traffic on the highway at that early morning hour. Taken by itself, his rate of speed, twenty-five miles an hour, could not as matter of law be held to be greater than was proper in view of such conditions on the highway as he reasonably should have anticipated. While the plaintiff could not wholly ignore the chance that there might be ahead of him on the highway a motor vehicle not lighted as the statutes required, we think that it could hardly be ruled as matter of law that in the operation of his automobile he might not rely to some extent at least on such a vehicle bearing a rear red light in compliance with the law and thus giving him warning of its presence. His right so to rely and the extent of such reliance would depend upon all the existing circumstances. Whether the conduct of the plaintiff in the matter of using care in the operation of his automobile was legally a contributing cause of the collision depends upon whether according to the usual experience of mankind that result or a result of that character was one which ought to have been foreseen. "One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable."

*Falk* v. *Finkelman*, 268 Mass. 524, 527. *Renaud* v. *New England Transportation Co.* 286 Mass. 39. Whether it was likely or unlikely according to the usual experience of mankind that there should be at the time and place of the accident a motor vehicle, unlighted contrary to the statutory requirement, and stopped on a hill wholly in the concrete lane where the plaintiff was travelling, was in all the circumstances here appearing a question for decision by the jury. *Woolner* v. *Perry*, 265 Mass. 74. *McTighe* v. *Union Freight Railroad*, 274 Mass. 312. *Hoxie* v. *Bardwell*, *supra*. We do not think it could have properly been ruled as matter of law that negligence of the plaintiff contributed to cause the collision.

In accordance with the terms of the report the case is remanded to the Superior Court for a new trial.

*So ordered.*