DAVID LEVINE *vs.* THOMAS T. BISHOP.

Worcester.    September 24, 1935. — October 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

A plaintiff was shown to have been guilty of contributory negligence as matter of law by his testimony that while driving an automobile at night at a speed such that he could not stop within the distance which he could see ahead, he saw ahead of him an unlighted truck parked across the right side of the way, and that as he was attempting to pass to the left around the truck his automobile skidded and went off the way.

TORT. Writ in the District Court of Fitchburg dated December 7, 1934.

The action was heard in the District Court by *Goodfellow*, J., who found for the plaintiff in the sum of $509. Upon report the Appellate Division for the Western District ordered judgment for the defendant entered. The plaintiff appealed.

*S. M. Salny & P. Salny,* for the plaintiff, submitted a brief.

*J. A. Crotty,* for the defendant.

CROSBY, J.   This is an action of tort in which the plaintiff seeks to recover for personal injuries and property damage.  The answer is a general denial, and an allegation that negligence of the plaintiff contributed to his injuries.

The plaintiff testified that he left Fitchburg for Boston about midnight on August 29, 1934, in his automobile truck; that when he reached Concord he had lunch; that afterwards he reached Lexington and was proceeding at a speed of thirty-five to forty miles an hour; that he saw the defendant's truck twenty-five or thirty feet from him; that it was parked "at a twenty degree angle with the road with the right rear up against the fence at the side of the road and headed in the direction in which the plaintiff was riding. It projected out to about the center of the road.  It was on its and plaintiff's right hand side of the road.  The road at that point, including a level gravel shoulder on each side, was twenty-six feet wide.  There was ample room for the plaintiff to pass to the left of the truck. . . . The plaintiff saw no light on the back of the truck. . . . At about the time when the plaintiff saw the truck, a boy employed by him and riding with him on the front seat shouted, 'Look out.'  Plaintiff jammed on his brakes . . . . He cut to his left from the extreme right hand side of the road and said that he must have cut too short as he skidded and went down a fifteen-foot bank, after driving across the road and through a rail fence which he broke.  His truck tipped over headed toward Boston, and about on a line with the defendant's truck.  His lights only showed objects about forty feet in front of his automobile as he drove along this road most of the way but not at the point of the collision where there was a slight upgrade.  He was familiar with the grade and direction of the road.  He did not know in how short a distance he could stop under the conditions that obtained. He knew he was driving at a speed such that he could not stop within the limits of his vision. . . . There was no vehicle coming in the opposite direction.  There was nothing

to prevent the plaintiff from driving to the left of the truck."

At the close of the foregoing testimony and the other evidence, which need not be recited, the defendant requested the following rulings: (1) "The plaintiff was guilty of contributory negligence as a matter of law and therefore cannot recover"; and (2) "The plaintiff has not sustained the burden of proof that any negligence on the part of the defendant, his agents or servants, caused the injuries and damage of which the plaintiff complains." These requests were refused.

The trial judge ruled as requested by the plaintiff: "5. An operator of a motor vehicle is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what — as is sometimes said — is only remotely and slightly probable. *Jacobs* v. *Moniz*, 288 Mass. 102." "6. The fact that there was no collision between the plaintiff's automobile and the defendant's automobile is immaterial, if the court finds that the accident in question was the result of the defendant's negligence." "8. A person who is faced with a sudden emergency is not held to the same degree of care and judgment or presence of mind as would otherwise be required of him under circumstances not indicating sudden peril."

The judge found for the plaintiff and assessed damages in the sum of $509. Upon the defendant's request the case was reported to the Appellate Division which found that there was prejudicial error on the part of the trial judge in refusing to give the defendant's first request and in giving the plaintiff's eighth request.

We are of opinion that the judge erred in failing to give the defendant's first request. The record shows that the plaintiff was travelling at a speed of thirty-five to forty miles an hour and saw the defendant's truck twenty-five to thirty feet ahead of him; and that he could not bring his truck to a stop within the range of his vision. It is plain from the plaintiff's own testimony that his conduct in the circumstances constituted negligence as matter of law. The

case is governed in principle by what was decided in *Stone* v. *Mullen*, 257 Mass. 344. *Renaud* v. *New England Transportation Co.* 286 Mass. 39. See also *Hennessey* v. *Moynihan*, 272 Mass. 165; *Wall* v. *King*, 280 Mass. 577.

The order of the Appellate Division, "Prejudicial error found. Judgment for the defendant," is affirmed.

*So ordered.*