Rowe, J.
This is an action of tort to recover for personal injuries received by the plaintiff by reason of alleged negligent operation of an automobile by the defendant. The *516 plaintiff was pushing a bicycle along on a street when he was struck by an automobile operated by the defendant. The trial judge found for the plaintiff. The report contains ten legal size pages of detailed testimony as to facts. They need not be repeated in great detail here. Their essence is contained in the following special findings of the trial judge:
“I find that the plaintiff was pushing his bicycle loaded with groceries, on the right hand side of the street as he was travelling. I find that the defendant travelled to the left of the center of the highway and struck the plaintiff there. I find that the absence of lights on the plaintiff’s bicycle had no causal connection with the accident.”
The defendant, by various requests for rulings raises questions as to elements of both negligence of the defendant and contributory negligence of the plaintiff. The plaintiff himself was a witness. His testimony and by which he may be said to be bound, Hennessey v. Moynihan, 272 Mass. 165, 168, was as follows:
“Herbert Caron, the plaintiff testified that on the day of the accident he was seventy-three years of age and was an active man for his years. On the day of the accident, he had been employed for hire in Hanover as a wood-chopper, and after work had gone to the First National Store on Washington Street in Hanover Center, where he purchased groceries; that he had some eggs tied on the handle bars of his bicycle and some groceries in a wire basket carrier affixed to the rear of the bicycle seat. He further testified that he started from the First National Store for his home and walked on the left side of his bicycle with his left hand on the grip on the left side of the handle bar and his right hand on the right handle bar grip, pushing the bicycle along the right side of the road; that he was on the right side of the road when he started up the hill on Hanover Street and that he stayed on the right side of Hanover Street all the time as he travelled thereon in a westerly direction toward his home and about two- *517 feet from his right hand side or northerly edge of the black macadam road surface. He testified that his bicycle was unlighted. He testified that when he was so travelling and when about half way up the hill, he saw the lights of two automobiles coming toward him from the top of the hill, these cars being some distance apart; that he watched these lights approach and they continued relatively in the same road position. The first car went by him and the second car struck him. He testified that when the second car was about two hundred feet away from him that it appeared to be in the middle of the road; that he turned his head to look at the bundle of groceries in the basket carrier to see if they were alright, and shortly something hit him. From the time he last saw the automobile about two hundred feet away traveling easterly on the road, he saw nothing except his groceries; that he was hit and that he did not know anything else until he came to in the hospital.”
(1) As to the negligence of the defendant: The defendant here claims that the trial judge erred in not granting his request No. 13 that “the defendant did riot violate G. L. Ch. 90, §14.”
The first contention of the defendant is that if the statute is applicable, he complied therewith. It is manifest, however, from a reading of the testimony in the report that the question of whether the defendant slowed down was a question of fact rather than a question of law.
The defendant next contends that said section 14 does not apply, because, he says the statute is applicable only where the vehicle is approaching the pedestrian ahead of it and not where the pedestrian and the motor vehicle are moving in directions directly opposite as in the present case. He relies on Engel v. Checker Taxi Company, 275 Mass. 471 and Stafford v. Jones, Mass A. S. (1935) 2553. These eases, however, do not support his contention. If the defendant is operating an automobile in such a way that' he mil *518 naturally intercept the plaintiff, he is “approaching” him within the meaning of the statute, and such is the effect of the two decisions cited.
(2) As to the contributory negligence of the plaintiff: The defendant contends that the plaintiff violated G. L. (Ter. Ed.) Ch. 85 §15 in not having lights displayed, it being at a time when lights were required. But whether it be deemed that lights were required or not, has become immaterial owing to the special finding of the trial judge that “I find that the absence of lights on the plaintiff’s bicycle had no causal connection with the accident.”
Violation of this section of the statute does not make the plaintiff a trespasser on the highway under the doctrine of the.illegal registration and illegal coasting cases. G. L. (Ter. Ed.) Ch. 85, §§13 and 15 leave it as a question of fact rather than of law as to whether the absence of required lights has a causal connection with the accident. Hoxie v. Bardwell, 287 Mass. 121.
But, says the defendant going a little further the trial judge erroneously ruled that the plaintiff had not violated any statute, and that since the finding of fact was predicated upon an erroneous ruling of law, there was error in finding that the absence of lights had no causal connection with the accident. This does not follow here. The effect of the statute is to make its violation as to lights, evidence of negligence, but not necessarily negligence. The report states that the trial judge “found” (not “ruled”) that the absence of lights on the plaintiff’s bicycle had no causal connection with the accident. Having given consideration to the question of the absence of lights, which was all the statute required him to do, the trial judge could then determine whether the absence of lights had any causal connection with the accident; he found it didn’t, thus ending the bearing on the case of the absence of lights.
*519 The defendant further contends that the plaintiff cannot recover because he did not again see the defendant’s car after it was within 200 feet of him. The plaintiff was on the right hand side of the street where he had a right to be, he could rely somewhat although not wholly, that the defendant would use due care and would not violate a statute. Even if the plaintiff had not seen the defendant’s automobile, that would not have been necessarily fatal to his claim. Barrett v. Checker Taxi Co., 263 Mass. 252.
(3) The report comes before us on a voluntary report by the trial judge under G. L. (Ter. Ed.) Ch. 231 §108. The plaintiff contends that the report is not properly before us as a voluntary report. Inasmuch however, as in any event the report must be dismissed, we have come to our decision upon the broader grounds of the merits of the case rather than from a consideration of the technical question of procedure as to whether the trial judge was successful in doing what he attempted to accomplish, namely to give to the defendant an opportunity of having a review as to possible error of the trial judge. There is no objection to stating substantive law which necessarily supports the decision contended for by the prevailing party. Com. v. McNary, 246 Mass. 46, 48.
Report dismissed.