¡Sullivan, J.
Action of tort to recover for damage to an automobile. The answer is a general denial and contributory negligence.
The plaintiff had parked his car against the curb on the right hand side of Beacon Street, Boston, a one way street in the direction in which the plaintiff was facing. At that point Beacon Street is about twenty-five feet wide with room for three lanes of traffic. The defendant, who was driving in the direction in which the plaintiff was facing, passed so dose to the plaintiff’s car that the defendant’s car struck the door of the plaintiff’s car while the plaintiff was opening it to get out, the door protruding no more than a couple of inches over the running board at the time of impact. There was no traffic on the defendant’s left at the time. The defendant testified that his car was within a foot of the left side of the plaintiff’s car, “not over two feet away from him”, when he saw the door open.
*112 The error alleged is the denial of the following ruling requested by the plaintiff:
“Driving an automobile within a foot of another automobile parked on the side of the road, the defendant having had an opportunity to observe the parked car, and there being nothing to prevent the defendant from going farther from the plaintiff’s car, is evidence of negligence.”
There was a finding for the defendant. The report contains all the evidence material to the questions reported.
The denial of the ruling requested by the plaintiff was in effect a ruling that driving an automobile within a foot of a parked car, when there was sufficient opportunity to pass it at a greater distance, could not constitute negligence, and evidence that the defendant did so drive did not have to be considered in determining the issue of negligence.
In Hedman v. Morse, 278 Mass. 437, the plaintiff was riding a bicycle within eighteen inches or less of the left side of the defendant’s automobile which was parked close to the curb. The defendant opened the left door of his automobile as the plaintiff was passing, and the plaintiff, not seeing the open door collided with it, fell to the street and was injured. The court held that it was a question of fact whether the plaintiff was lacking in due care and whether the defendant was negligent.
In the case at bar, it was a question of fact whether the defendant was negligent, but questions of fact are decided upon evidence. By the ruling of the trial judge, he was not to consider as evidence testimony that the defendant drove within a foot of the left side of the plaintiff’s car. There was such testimony from the defendant himself,testimony by which he was bound.
*113 In Towle v. Morin, 295 Mass. 583 at 586, the court held that the defendant was negligent in driving too close to a bank of snow on which there were children, when the whole width of the road was available for his passage; recovery was allowed one of the children who slipped and fell from the snow bank and was injured.
The defendant as he drove by the parked car was under a duty to anticipate that an occupant of the car might open a door for the purpose of leaving the car. “One is bound to anticipate and provide against what usually happens and what is likely to happen.” Falk v. Finkelman, 268 Mass. 524 at 527. Wall v. King, 280 Mass. 577 at 581. Renaud v. New England Transportation Co., 286 Mass. 39, at 44. Jacobs v. Moniz, 288 Mass. 102 at 106. Buda v. Foley, 302 Mass. 411, at 413.
It cannot be said that the opening of the door of a parked car is only a remote possibility. It is the sort of happening which frequently occurs and therefore should have been anticipated by the defendant. “Whether it is likely or unlikely according to the usual experience of mankind” that a car door should be opened under such circumstances is a question of fact. Jacobs v. Moniz, 288 Mass. 102 at 107.
To drive needlessly so close to another car that the door of that car will be struck if it opens is definitely a careless act and conduct which constitutes evidence of negligence.
Dangel in Mass. Jur.: “Motor Vehicles”, page 498, states as the duty of the operator of an automobile who passes another automobile, that “while in the act of passing (he) should leave sufficient room and do everything to avoid a collision. ’ ’
In Buda v. Foley, 302 Mass. 411, at 413, the court said of the duty of an operator of an automobile to those in *114 the car ahead, “The defendant owed a duty to the plaintiffs to operate her automobile in a reasonably careful and prudent manner, not only as to its rate of speed, but also as to its distance from the Buda automobile, and within the bounds of ordinary care, to anticipate that the Buda automobile might be required to stop for various reasons incident to the traffic.” The duty there described referred to a case where one car in motion was following another, but the description of the duty, as to the element of driving at a safe distance, and that of anticipation that an occupant of the car might open a door to leave the standing car, applies aptly to the case at bar. Here there was not sufficient room and nothing was done to avoid a very possible collision.
It was prejudicial error for the trial judge to rule that the conduct of the defendant in driving so close to the plaintiff’s car that the door of that car was struck as the plaintiff opened it partially, was no evidence which he was obliged to consider in determining whether or not the defendant was negligent; while not necessarily conclusive evidence of negligence, it was some evidence, and as such was entitled to consideration in deciding the issues of fact before him.
There being prejudicial error in the denial of the ruling requested by the plaintiff, the finding for the defendant is to be vacated and the case is to stand for a new trial.