No. 2980 Northern Suffolk, ss.
RICHARDS (S. N. Tangusso)
v. GANDOLFO (Warren E. Carley—William Doyle)

From the District Court of Chelsea—Sartorelli, J.
Argued Oct. 20, 1941—Opinion filed Dec. 29, 1941

WILSON, J. (Jones, P. J., and Henchey, J.)—This is an action of tort in which the plaintiff seeks to recover for personal injuries received in a motor vehicle accident, resulting from the negligence of the defendant. The court found for the plaintiff.

It was conceded that there was evidence sufficient to warrant a finding that the defendant was negligent, but it was strongly urged that the plaintiff was guilty of contributory negligence as matter of law and the motor vehicle driven by the plaintiff was not properly registered.

Upon the first of these issues the defendant presented several requests for rulings to the trial court, all of which the court gave except those numbered 6 and 15, which were as follows:

"6. An ordinarily prudent person operating a motor vehicle under the circumstances in which the plaintiff was operating his truck just prior to the accident, would and could have seen both the defendant's motor vehicle and the truck operated by Repucci before the impact between the latter truck and the truck operated by the plaintiff."

"15. A finding for the plaintiff is not warranted on the evidence."

We are of opinion that the trial court could not rule as matter of law that there was negligence on the part of the plaintiff which contributed to the accident. The plaintiff had no reason to expect that the defendant's automobile would come up from the rear of the truck driven by Repucci and suddenly swerve to the left in front of Repucci in such a manner as to cause Repucci, in order to avoid a collision with him, to pull his truck to the left and so collide with the truck driven by the plaintiff.

Such an occurrence is not what is likely to happen, and is not such an occurrence as the plaintiff was bound to anticipate and guard against, He was proceeding at a moderate rate of speed and on his right hand side of the street. There was plenty of room for him and Repucci to pass in safety until the sudden appearance and negligent operation of the defendant's automobile.

Whether it was likely or unlikely, according to the usual experience of mankind, that the occurrence here described should take place, was in all the circumstances a question of fact for the determination of the trial court. *Jacobs* v. *Moniz,* 288 Mass. 102, and cases cited. See also *White* v. *Eastern Mass. St. Rwy.,* 299 Mass. 70. *Birch* v. *Strout,* 303 Mass. 28, 30.

*Levine* v. *Bishop,* 292 Mass. 277, and *Stone* v. *Mullen,* 257 Mass. 344, relied on by the defendant, are not in our opinion authorities requiring a different conclusion.

On the issue of the legality of the registration of the truck driven by the plaintiff, there was evidence tending to show that the truck driven by the plaintiff was registered on March 28, 1940, in the name of Clayton Bowes from 63 Williams St., Malden; that the application for registration stated that Clayton Bowes was the owner, individually, of the truck and that it was principally garaged at 53 Williams St., Malden. It also stated that it was purchased by the applicant in Brighton from the person from whom it was in fact purchased. That said Bowes had lived with his family on Salem St., Revere; that about a week or two before March 27, 1940, he started to live at the plaintiff's house at 53 Williams St., Malden; that on March 27, 1940, the plaintiff and said Bowes went to Brighton where the truck driven by the plaintiff, at the time of the accident, was purchased, and the plaintiff signed a "Conditional Sales Contract," which was in evidence.

The plaintiff testified that he signed some papers that he thought were to give credit to Bowes; that Bowes owned the truck and that he, the plaintiff, had never owned it, and had never given, sold, assigned or transferred the truck to Bowes. There was also evidence that the plaintiff had been present

with Bowes at the office of a finance company in April, when Bowes had made a payment on account of the purchase price of said truck, but that personally he had never made any payments on account of said truck.

On this issue the defendant filed several requests for rulings. The court gave number 12, and by so doing properly instructed himself that whether Bowes was the owner, whether he stated his residence correctly, and whether the plaintiff had any interest in the truck, were matters regarding which the evidence was conflicting, were issues of fact for his determination.

In connection with the denial of the tenth request, the court found:

"Denied because request contains facts not found by me. I find that the plaintiff, Wilfred Richards, signed the conditional bill of sale for the purchase, and also the notes for the payment of the motor vehicle involved in this case, but that he performed these acts for and in behalf of one Clayton Bowes, to whom the seller would not extend credit or sell a motor vehicle on credit, and in whose behalf the plaintiff extended his credit for the purpose of enabling the said Clayton Bowes to purchase the motor vehicle in question; that no part of the purchase price or subsequent payments on the notes were paid by the plaintiff but were paid by the said Clayton Bowes."

And in connection with the denial of the eleventh request, the court found:

"I find that Clayton Bowes, in whose name the said Ford truck was registered, was at all times the sole owner of the same."

The burden of proving that the truck was not registered, as required by law, was on the defendant. G. L. (Ter. Ed.) c. 231, p. 85A; *Brewer* v. *Hayes,* 285 Mass. 144; *MacInnis* v. *Morrissey,* 298 Mass. 505.

The Conditional Sales Contract taken by itself was some evidence that the plaintiff, Richards, was the owner of the truck; but this agreement was for the benefit of the dealer selling the same and when taken with the denial of ownership by Richards, the registration by Bowes (*Burns* v. *Winchell,* 305 Mass. 276, 280, and cases there cited), the making of payments by Bowes, all of which could have been found to have been known to Richards at the time, and the testimony of Richards that he thought he signed papers "to give credit to Bowes," presented to the trial court the question of whether Bowes had ownership of the truck which entitled him to register it in his own name. In our opinion he had, and the trial court was correct in the manner in which he dealth with the defendant's requests for rulings. *Dunn* v. *Merrill,* Mass. Adv. Sh. (1941) 951 (27 BTL 48).

No prejudicial error appearing, the report is dismissed.