JOHN H. MADDEN, JUNIOR, *vs.* ISADORE BERMAN.

Hampden.    September 21, 1949. — November 7, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Negligence*, Motor vehicle, Violation of law, Contributory. *Motor Vehicle*, Parking, Equipment. *Proximate Cause. Evidence*, Presumptions and burden of proof.

In an action for damage to an automobile of the plaintiff caused by a collision with an automobile of the defendant, findings that the defendant was negligent and that his negligence caused the collision were warranted, and a ruling that the plaintiff was guilty of contributory negligence was not required, by evidence that in the nighttime the automobile of the defendant was parked on its right side of a public highway; that, in violation of G. L. (Ter. Ed.) c. 90, § 7, no rear light was displayed thereon; that, as the plaintiff's automobile was approaching the defendant's automobile from its rear, the plaintiff was blinded by the headlights of automobiles travelling in the opposite direction and did not see the defendant's automobile until his automobile was

twenty to thirty feet from it travelling at a speed of twenty miles per hour; and that his automobile struck the left rear corner of the defendant's automobile.

In an action for damage occurring when an automobile of the plaintiff ran into the rear end of an automobile of the defendant parked at its right side of a public way at night without a rear light displayed, the burden was on the defendant to negative a violation by him of G. L. (Ter. Ed.) c. 90, § 7, by showing that within the proviso of the statute his automobile was parked at a place where unlighted parking was permitted.

TORT. Writ in the District Court of Springfield dated March 6, 1947.

On removal to the Superior Court, the case was heard by *Donnelly*, J.

In this court the case was submitted on briefs.

*R. H. Doran*, for the defendant.

*J. H. Madden*, for the plaintiff.

COUNIHAN, J. This is an action of tort for negligence to recover for property damage arising out of a collision which occurred on November 16, 1946, between automobiles owned and operated by the plaintiff and the defendant respectively. The case was heard without jury.

It appeared that the defendant's automobile, which had become disabled, was parked shortly after midnight at the west curb of Main Street, a public highway in the city of Holyoke, facing south. An electric street light was at the opposite curb, and approximately six feet from the curb where the defendant's automobile was parked there were two electric lights in front of the entrance to a schoolhouse. The electric street light was lighted at the time of the accident by a two hundred fifty candle power lamp and the lights in front of the schoolhouse each by a hundred candle power lamp. The plaintiff's automobile coming from the north struck the left rear corner of the defendant's automobile. Both automobiles were damaged.

The defendant testified that the tail light of his automobile was lighted when he parked his automobile at the curb shortly before the accident.

The plaintiff testified that, as he was about two hundred

yards northerly from the scene of the accident, travelling at a speed of forty miles an hour through a thinly settled section on the outskirts of the city, lights of an automobile approaching him, travelling northerly at about the same rate of speed, "bothered" him; that he dimmed his own headlights, and "flicked" them a couple of times to get the operator of the oncoming automobile to lower his lights, but they were not lowered; that then a second automobile, also having bright lights, travelling northerly and slightly less than two hundred yards away, started to pass the first automobile; that the lights of the second automobile blinded him, as a result of which he slowed down to twenty miles an hour and pulled to the right side of the street as far as possible; that for a "split second" after the headlights of the second automobile passed him he was blinded and did not have his normal vision; that the accident happened in that period when his normal vision was returning; that the defendant's automobile was twenty to thirty feet away from his automobile when he first saw it; that at that time his automobile was travelling at a speed of twenty miles an hour; that on seeing the defendant's automobile he "stepped on his brake" and pulled to the left but that the right front corner of his automobile struck the left rear end of the defendant's automobile; that there were no rear lights showing on the defendant's automobile when he first saw it; and that after the accident he saw no lights on the front or rear of the defendant's automobile.

At the close of the evidence the defendant filed the following requests for rulings: "1. A finding that the defendant was negligent and that his negligence caused the accident alleged in the plaintiff's declaration is not warranted on the evidence before the court. 2. As matter of law the plaintiff's own conduct caused or contributed to cause the damages to his automobile as set forth in his declaration. 3. There was no evidence adduced to warrant a finding that the rules of the board or officer having control of the way on which the defendant's automobile was stopped did not permit said automobile to be parked without display of

Madden *v.* Berman.

lights at the time and place of the accident here in suit. 4. The manner and circumstance under which the defendant's automobile was stopped at the curbing at the time and place of the accident alleged in the declaration, was a condition and not a cause of the accident and plaintiff cannot recover."

The trial judge found for the plaintiff. The request for ruling numbered 3 was granted. The other requests were denied, and the defendant alleged exceptions.

From the bill of exceptions it does not appear that G. L. (Ter. Ed.) c. 90, § 7, was considered at the trial. This statute directs that "Every automobile operated during the period from one half an hour after sunset to one half an hour before sunrise . . . shall display at least one red light in the reverse direction." However, the judge could have taken judicial notice of that statute, *Harris* v. *Quincy,* 171 Mass. 472; *Glover* v. *Mitchell,* 319 Mass. 1, 3, and on the evidence could have found that there was a violation of the statute. A violation of the statute would be evidence of negligence on the part of the defendant, *Feaver* v. *Railway Express Agency, Inc., ante,* 165, *Jacobs* v. *Moniz,* 288 Mass. 102, *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 254 (see also *Dean* v. *Leonard,* 323 Mass. 606; *Munson* v. *Bay State Dredging & Contracting Co.* 314 Mass. 485); and the burden of showing that he came within the proviso [1] of the statute was upon the defendant. *Commonwealth* v. *Hart,* 11 Cush. 130, 134–137. *Commonwealth* v. *Badger,* 243 Mass. 137. *Sullivan* v. *Ward,* 304 Mass. 614, 615. There was no error in the refusal of the judge to grant ruling numbered 1 as requested.

The requested ruling numbered 2 is governed by *Carroll* v. *Lowell,* 321 Mass. 98, and *Renaud* v. *New England Transportation Co.* 286 Mass. 39. The requested ruling numbered 4 is governed by *Feaver* v. *Railway Express Agency, Inc.,*

---

[1] ". . . every such motor vehicle shall display at least one red light in the reverse direction; provided, that an automobile need display no light when parked within the limits of a way in a space in which unlighted parking is permitted by the rules or regulations of the board or officer having control of such way."

*ante,* 165, and *Bresnahan* v. *Proman,* 312 Mass. 97. See also *Leveillee* v. *Wright,* 300 Mass. 382, 387. Their refusal was not error.

*Exceptions overruled.*