ELLA L. MARGESON *vs.* TOWN TAXI, INC.

Suffolk.    January 17, 1929. — February 5, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* In use of way, Motor vehicle, Contributory.    *Evidence,* Presumptions and burden of proof.    *Practice, Civil,* Ordering verdict.

At the trial of an action by a woman for personal injuries due to her being run into by a motor vehicle owned by the defendant and driven by his agent, there was evidence that the accident occurred at the junction of two streets in a city where there was a tower for control of traffic.    The plaintiff testified that she did not know whether the tower was there when the accident occurred, and that she then saw no lights and no traffic officer and heard no signal; that she started to cross the street after ascertaining that the way was clear and seeing motor vehicles at a standstill, including the defendant's vehicle a few feet away; that, after she got into the street, the defendant's vehicle started and struck her.    Evidence of the defendant contradicted that of the plaintiff.    A motion that a verdict be ordered in favor of the defendant was denied.    *Held,* that

(1) A finding was warranted that the driver of the defendant's vehicle was negligent;

(2) The question, whether the plaintiff was guilty of contributory negligence, was for the jury.

In making a motion, at the trial of an action, that a verdict be ordered in his favor, a defendant admits, for the purpose of the motion, that evidence of the plaintiff, so far as it conflicts with evidence of the defendant, is true; and that, if testimony of the plaintiff is in some

particulars conflicting with itself, the jury, if the case were submitted to them, would have a right to adopt that view which is most favorable to the plaintiff.

TORT for personal injuries. Writ dated March 8, 1926.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $900, which was recorded subject to leave reserved under G. L. c. 231, § 120. The defendant alleged exceptions.

*T. F. Quinn*, for the defendant.

*J. J. O'Hare*, for the plaintiff.

SANDERSON, J. This is an action of tort to recover for personal injuries received by the plaintiff as the result of being struck by a taxicab, owned by the defendant and operated by its agent in the course of its business. The accident occurred about 12:30 P.M. at or near the intersection of Boylston Street and Tremont Street in Boston. The jury found for the plaintiff, and the only exception argued is to the refusal of the judge to direct a verdict for the defendant.

The plaintiff testified in substance as follows: She stopped at the corner of Tremont Street and Boylston Street near the Hotel Touraine for a few minutes to see if the way was clear, and when she found everything clear and still she started to go across on the cross walk. Automobiles were not moving as she crossed. There were other people crossing from the Touraine side toward the drug store just ahead of and close to her. She saw a taxicab standing in front of the drug store on the corner to which she was going, and as she got near the sidewalk and was about to step upon it the taxicab was started and hit her. She thought she was two or three feet in front of it when she saw it standing still. She knew at the time she testified that there was a tower for the control of traffic at the corner but did not know whether it was there at the time of the accident and did not remember seeing it. She knew a red light is a signal meaning dangerous to cross, but did not know that a green light is for automobiles to go. She knew when pedestrians cross there are two lights, one red and the other yellow. She did not notice the light in the tower at all, and saw no traffic officer until she

was under the taxicab, when he came up. She saw the taxicab standing still as she was going across, paid attention to it, keeping it under observation all the time. She did not see it start or move around the corner. She saw no vehicles move before the accident or while she was crossing the street. She heard no bells from the tower before starting across and heard no signal of any kind and thought she would have heard one if it was sounded.

The testimony offered by the defendant tended to prove that à traffic tower was at the intersection of the streets, at the time in control of an officer, with a bell that rings when lights are changed, and at the time of the accident motor vehicle traffic was moving under the officer's direction. The taxicab involved in the accident was moving in the line of traffic, and at the time of the accident, because of the lights, under traffic regulations it was improper for pedestrians to cross. The plaintiff started to cross while automobiles were moving, became bewildered while crossing, wavered, went forward and returned into the path of the taxicab.

The testimony of the driver, that he saw the plaintiff when she was four or five feet in front of him, and that of the plaintiff, to the effect that he started from a stationary position when she was within his line of vision in front of the taxicab and hit her when she was almost across the street, made it possible for the jury to say that he failed to exercise the care of a reasonably prudent and careful driver under the circumstances as they were or should have been known to him. He had a duty to perform for the safety of a pedestrian in the street, even if he was moving in obedience to a traffic signal. *Donovan* v. *Mutrie*, 265 Mass. 472.

The defendant, making a motion for a directed verdict, admits for the purpose of the decision that the testimony of the plaintiff is true in so far as it conflicts with its own testimony, *Shea* v. *American Hide & Leather Co.* 221 Mass. 282, and a verdict for the plaintiff must stand if warranted upon any view of the testimony. *Vahey* v. *Bigelow*, 208 Mass. 89, 92. *Hill* v. *West End Street Railway*, 158 Mass. 458, 460. If the plaintiff made conflicting statements the jury had a right to decide which statement was true. She saw no traffic lights

and heard no traffic signal, but she described a situation respecting traffic when she started and as she was crossing which was consistent with the right of foot travellers to cross. If credit was given to her testimony, the extent to which she would have a right to rely upon the fact that vehicular traffic was not moving and that others were crossing on foot near her was for the jury. *Beale* v. *Old Colony Street Railway*, 196 Mass. 119, 124. *Kinsley* v. *Boston Elevated Railway*, 209 Mass. 467, 469. Upon all of the testimony the question, whether contributory negligence of the plaintiff has been proved, was for the jury.

*Exceptions overruled.*