MARY C. REINHARDT *vs.* THE NEWTON PUBLIC MARKET, INCORPORATED.

AURELIA R. WELCH *vs.* SAME.

Middlesex.    January 8, 1935. — February 28, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Contributory, In use of way.

At the trial of an action of tort against the owner of a motor truck for
personal injuries sustained when the plaintiff was struck by the truck,
a ruling that the plaintiff was guilty of contributory negligence as a
matter of law was not required upon evidence that the plaintiff on a
rainy night started to cross a public way on a crosswalk about seventy
feet long at a time when a red and amber signal light signified that
pedestrians might cross safely; that at his right was a line of motor
vehicles with lights on, waiting for a change in the signal light; that
when half way across he looked again at the light and it still was red
and amber; that when he was crossing an open lane, about eight feet
wide, between such line of vehicles and the farther curb, he was struck
by the truck, which had gone forward in accordance with a change of
the light permitting vehicles in that lane, but not the waiting line of
vehicles, to go forward; that the plaintiff did not know that the light
had changed; that a police officer on duty there, whom he passed,
had not warned him to stop; and that just before he was struck the
plaintiff saw the truck and tried to turn back, but it was too late to
avoid being struck.

TWO ACTIONS OF TORT. Writs dated June 19, 1930.

In the Superior Court, the actions were tried together
before *Gibbs*, J. Material evidence is described in the
opinion. There were verdicts for the plaintiffs, respectively,
in the sums of $1,500 and $2,500. The defendant alleged
exceptions.

*A. S. Allen*, for the defendant.

*D. M. Cronin*, for the plaintiffs.

LUMMUS, J. About five o'clock in the afternoon of
December 27, 1929, the plaintiffs were walking on Washington Street at Newton Corner, where Centre Street and
Washington Street, coming from the southwest and west,

respectively, join at an angle of about forty-five degrees. Where the streets join, there was a crossing for pedestrians from the northwesterly side of Washington Street to the easterly side of Centre Street, a distance of about seventy feet. Traffic at that point was controlled by lights operated from a tower.

When the plaintiffs started to cross to the easterly side of Centre Street, the traffic lights were red and amber, they testified, indicating that pedestrians could cross safely. A line of automobiles coming north from Centre Street was stopped. These were on the right of the plaintiffs as they crossed. Beyond this line of automobiles, to the east, was an open lane about eight feet wide, between that line of automobiles and the easterly sidewalk of Centre Street. While the plaintiffs were crossing this open lane, they were struck by a truck of the defendant, operated by its servant, which was going north in this lane. The police officer on foot at the crossing testified that a red light had stopped the line of automobiles before mentioned, while a green arrow permitted automobiles to travel north in the open lane close to the sidewalk and to go around a corner to the right or east.

The plaintiffs having obtained verdicts, the cases come here on the defendant's exceptions to the refusal of the judge to direct verdicts in its favor. It does not argue that there was no evidence of its negligence. Its contention is that the plaintiffs were guilty of contributory negligence as matter of law.

Although both plaintiffs knew something about the traffic lights, and one of them was familiar with the system, their failure to keep looking at the lights while crossing was not negligence as matter of law. The jury might well have found that it was more important for the plaintiffs to watch the automobiles. One of the plaintiffs testified that when about half way across she looked at the lights, and they were still red and amber. It was raining at the time, and dark, and doubtless the headlights as well as the bodies of the stopped automobiles made it hard to see the open lane. When the plaintiffs had passed the stopped

automobiles, they saw the defendant's truck, and tried to turn back, but it was too late. There is nothing to show that they knew that the lights had changed so as to permit traffic to pass in the open lane, if indeed they had changed. A police officer on duty in the street, whom the plaintiffs passed, did not signal them to stop. The case does not fall within those in which it has been held that a pedestrian stepping from a place of safety directly in front of a moving vehicle is negligent as matter of law. In each case the entry will be

*Exceptions overruled.*