EDITH NEVERETT *vs.* WILLIAM T. PATCH.

Franklin.   September 16, 1936. — October 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Contributory, In use of way, Motor vehicle.

. A finding that a pedestrian was guilty of contributory negligence was
   not required, and a finding that the operator of a motor vehicle was
   negligent was warranted, on evidence that the pedestrian at night
   started across a public way at an intersection toward a traffic light
   which was green with the motor vehicle stopped at his right, and
   that when part way across he fell, whereupon the traffic light changed
   and the motor vehicle, with its left headlight not lighted in violation
   of G. L. (Ter. Ed.) c. 90, § 7, started forward and ran over him.

TORT.   Writ in the Superior Court dated April 30, 1934.

The action was tried before *Leary,* J.   A motion by the
defendant that a verdict be ordered in his favor was denied.
There was a verdict for the plaintiff in the sum of $2,891.
The defendant alleged exceptions.

*C. Fairhurst,* (*C. N. Stoddard, Jr.,* with him,) for the
defendant.

*C. E. Rowe,* for the plaintiff.

CROSBY, J.   This is an action of tort brought by a minor,
who, while a pedestrian on a highway in the town of Orange
in this Commonwealth, received personal injuries by being
struck by an automobile owned and operated by the de-
fendant.

The accident occurred at about eight o'clock on the eve-
ning of March 23, 1934, at the intersection of two streets.   The
defendant was driving his automobile in a westerly direction.
One Leary, a State police officer, testified that on the eve-
ning of the accident he and one Cunniff, another officer, were
patrolling the Mohawk Trail together in a cruising car;
that when they came toward the crossing where the acci-
dent occurred, the defendant passed them and the left
headlight on his automobile was out; that the witness

stopped behind the defendant's automobile for two or three seconds because of the traffic light at the intersection; that the traffic light had three colors, green, amber and red; that green meant to go, then the light showed amber for a few seconds before going red, and red meant to stop; that he had stopped perhaps a couple of seconds when he heard a loud scream; that the automobile ahead of him had moved forward a few feet and then had backed up and struck the bumper of his automobile; that he pulled up the emergency brake and jumped out; that "There was a girl on the ground there under the car about up to her chest"; that she was trying to get out; and that he "pulled her out from under the car, picked her up and started for the hospital." This witness further testified that the defendant told him he did not know the headlight on his automobile was out until after the accident. A witness called by the plaintiff testified that the plaintiff was going north, and hesitated before she started to cross the street; that "She started walking fast across the street and got almost to the other side when she tripped and fell down"; that the defendant's automobile "was parked there waiting for the light and it started up. She raised her hand up . . . to ward off the car . . . When she looked at the light I looked at the light on the north side of the road and it was green. I didn't notice whether the light changed when she was walking across the road or not but it was green when she started and before she tripped and fell she was a little over half way pretty nearly three quarters of the way across the street." The plaintiff testified that she was seventeen years old at the time of the accident; that it was about eight o'clock and dark when she left her home and proceeded northerly going to church; that there were traffic lights at the crossing; that she noticed that the one "on the north" was green; that she stepped onto the street and crossed between the two lines where one was supposed to walk when crossing the street; that she noticed one or two automobiles that were parked on the east, facing west; that they were stopped when she started to cross; that she fell when approximately three quarters of

the way across the street but did not know what caused her to fall; that she fell head first; that as she was getting up she noticed the defendant's automobile starting to move; that it struck her in the face and pushed her back on the ground; that she put up her hand and screamed; that she did not notice the light change while she was crossing the street; that the automobile went over her left leg; and that the first thing she remembered was being in the police car.

The defendant, who was called by the plaintiff, testified that he was familiar with the route; that he came from Worcester the day of the accident; that the first time he knew that one of the headlights on his automobile was not lighted was after he stopped in Orange; that he stopped at the red light two or three feet from the crosswalk; that while he was waiting there the light turned green; that as he did not see anyone when the light turned he started ahead; and that when he started there was no one walking across the street in front of him.

Upon consideration of the entire evidence, a verdict could not properly have been directed for the defendant. It could have been found upon the evidence that the plaintiff attempted to cross the street and fell when she was three quarters of the way over; that before she started to cross she saw the automobile of the officers and that of the defendant, which were stopped and waiting for the signals to change; and that the traffic light showing toward the south was green when she started to cross the street. This evidence did not require a finding of contributory negligence on her part. *Gray* v. *Batchelder*, 208 Mass. 441. *Jackson* v. *Queen*, 257 Mass. 515. *Margeson* v. *Town Taxi, Inc.* 266 Mass. 192. The circumstance that the defendant was operating his automobile when the left headlight was not lighted at night, in violation of G. L. (Ter. Ed.) c. 90, § 7, as amended, was evidence of negligence. It could have been found that the plaintiff could have been seen by the defendant when he started his automobile and that if he had been in the exercise of due care he would have avoided running over her. *Isaacson* v. *Boston, Worcester*

& *New York Street Railway*, 278 Mass. 378. *Tevyaw* v. *Hemingway Brothers Interstate Trucking Co.* 284 Mass. 441.

As a verdict could not properly have been directed for the defendant, the entry must be

*Exceptions overruled.*