DOROTHY FEAVER & others *vs.* RAILWAY EXPRESS AGENCY, INC., & another.

Suffolk. November 1, 1948. — April 7, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence*, Motor vehicle, Violation of law. *Proximate Cause. Practice, Civil*, Verdict, New trial.

A general motion that a verdict be directed for the defendant in an action, brought against the owner of a motor truck by a wife, operator of her husband's automobile but not as his agent, her husband and two children, for damage to the automobile and personal injuries, properly was denied where there was for each plaintiff a count in the declaration alleging negligence of the defendant and there was evidence warranting findings that the truck was parked at the right side of the street at night without lights in violation of G. L. (Ter. Ed.) c. 85, § 15; c. 90, § 7, that, when the wife turned to her right to avoid collision with other automobiles approaching from in front, the automobile collided with the truck, which she did not see in time to avoid it, and that the defendant's violation of law was a cause of the collision, and where the evidence did not require findings that the plaintiffs were guilty of contributory negligence.

A contention of inconsistency of a verdict for the plaintiff on one count of the declaration with a verdict for the defendant on another count

should have been presented by the defendant at the time the verdicts were returned and did not require the granting of either one of motions, subsequently filed, to set aside the verdict for the plaintiff and for judgment for the defendant and for a new trial.

In an action against the owner of a motor truck, where it appeared that the declaration contained two counts, one alleging negligence and the other merely a "violation of law," that at the close of the evidence a general motion by the defendant for a directed verdict in his favor was denied, and that there was a verdict for the defendant on the count alleging negligence and for the plaintiff on the count as to violation of law, no error nor abuse of discretion appeared in a denial of a motion for a new trial based on a stated ground that the verdict for the plaintiff was against the law; that contention should have been raised by the defendant at the trial by a separate motion for a directed verdict on each count.

TORT. Writ in the Superior Court dated December 28, 1945.

The action was tried before *Baker*, J.

The allegations in the second, fourth and eighth counts in the declaration respecting conduct of the defendant set forth merely "violation of law."

*A. M. Pinkham*, for the defendants.

*M. Marks*, for the plaintiffs.

SPALDING, J. This action of tort in eight counts is brought by four plaintiffs to recover for personal injuries and property damage arising out of a collision on November 17, 1945, between an automobile owned by one of the plaintiffs and a truck owned by the defendant Railway Express Agency, Inc. (hereinafter called the defendant), and operated by the defendant Kenney. See G. L. (Ter. Ed.) c. 231, § 4A, as inserted by St. 1943, c. 350, § 1. The plaintiffs were Herman Feaver and his wife Marion, and their two daughters, Dorothy and Mary. Verdicts were returned on three of the counts in favor respectively of the plaintiffs Herman, Dorothy and Mary Feaver. On all of the other counts verdicts were returned for the defendants. The case comes here on the defendants' exceptions to the judge's denial of their motion for a directed verdict and to his action on various motions made after the trial.

The jury could have found the following facts: On Novem-

ber 17, 1945, around six o'clock in the evening, Marion Feaver, accompanied by her daughters, Dorothy and Mary, was operating her husband's automobile in a northerly direction on Court Street, Dedham. It was dark and "the lights on her car were on." There was no traffic moving in the direction in which she was going but there were two automobiles (one passing the other) coming toward her. When she had arrived at Church Street, which enters Court Street from the right, she slowed down to about eighteen or twenty miles per hour. At about that time she observed the defendant's truck, "a black object," on which "there were no lights or any warning to tell her the truck was there." She estimated that she was "about two cars length away from the truck when she first saw it."[1] Another automobile was parked almost opposite the truck on the left side of Court Street. In order to avoid a collision with the automobiles approaching her, Mrs. Feaver turned to the right and just after that ran into the defendant's truck. Before the collision she applied her brakes, but "couldn't stop in time not to hit . . . [the truck]." At the time of the accident her automobile was about five feet from the curbstone on the right hand side of Court Street. The truck involved in the accident had been left on Court Street a few minutes before by Kenney, an employee of the defendant, who at that time was engaged in the defendant's business.

1. The defendants' motion for a directed verdict was rightly denied. The jury could have found that the truck was parked without lights in violation of law (G. L. [Ter. Ed.] c. 85, § 15; c. 90, § 7 [2]); such violation was evidence of negligence. *Jacobs* v. *Moniz,* 288 Mass. 102, 104. *Ouillette* v. *Sheerin,* 297 Mass. 536, 538. If the jury found that this violation of law was a contributing cause of the accident, they would have been warranted in returning verdicts in

---

[1] Elsewhere in her testimony Mrs. Feaver stated that she was about three car lengths from the truck when she first observed it.

[2] There was evidence that the accident occurred more than one half hour after sunset.

favor of such of the plaintiffs as were not contributorily negligent. But the defendants, relying on cases such as *Falk* v. *Finkelman*, 268 Mass. 524, and *Kralik* v. *LeClair*, 315 Mass. 323, argue that the violation of law here was a mere condition and not a cause. We do not agree. Whether the absence of lights on the truck was a condition or a cause was a question of fact for the jury. Doubtless, as the defendants argue, the jury might have found that Mrs. Feaver, by reason of having seen the truck when she was two or three car lengths from it, was guilty of contributory negligence, *Stone* v. *Mullen*, 257 Mass. 344; but they were not required to find that such negligence was the sole cause of the accident. Contributory negligence on the part of Mrs. Feaver, if found, could not, in the circumstances existing here, be imputed to her husband (*Nash* v. *Lang*, 268 Mass. 407) or daughters. *Bessey* v. *Salemme*, 302 Mass. 188. G. L. (Ter. Ed.) c. 231, § 85D, as inserted by St. 1945, c. 352, § 1. No contention is made that she was driving the automobile as her husband's agent.

2. As stated above, the declaration contained eight counts. Each of the plaintiffs declared on two counts. One of each pair of counts alleged negligence and the other alleged violation of law. On counts 5 and 6 relating to the plaintiff Marion Feaver (the operator of the automobile) the jury returned verdicts for the defendants. On the counts for negligence (1, 3, and 7) relating to the other plaintiffs the jury also returned verdicts for the defendants. But on the counts for violation of law (2, 4, and 8) they returned verdicts for these plaintiffs. The defendants filed a motion for a new trial[1] and a motion that the verdicts on counts 2, 4, and 8 be set aside and that judgment be entered for the defendants. When these motions were heard the defendants presented several requests for rulings. The judge denied both motions and refused to pass upon the requests for rulings, subject to the defendants' exceptions.

The motion for judgment was grounded on an alleged

---

[1] This motion asked that the verdicts in favor of the plaintiffs Herman, Dorothy and Mary Feaver be set aside and that a new trial be granted.

inconsistency of the verdicts. The defendants argue that the verdicts in favor of the plaintiffs Herman, Dorothy and Mary Feaver on their counts for violation of law are inconsistent with the verdicts against them on their counts for negligence. The defendants also argue that the verdicts in favor of the defendants on the two counts of Mrs. Feaver were inconsistent with the verdicts in favor of the other plaintiffs. A short answer to the latter contention is that the jury might have found against Mrs. Feaver on the ground that she was contributorily negligent. And we are of opinion that the verdicts in favor of the other plaintiffs on their counts for "violation of law", when analyzed, were not necessarily inconsistent with the verdicts for the defendants on their counts for negligence. The statutes relating to lights (G. L. [Ter. Ed.] c. 85, § 15; c. 90, § 7) did not in and of themselves create a cause of action in favor of one who was injured by reason of their violation. *Wynn* v. *Sullivan*, 294 Mass. 562, 566. *Richmond* v. *Warren Institution for Savings*, 307 Mass. 483, 485. Proof of their violation, as stated above, would be merely evidence of negligence, and a finding of negligence would not be required. There being no other evidence of negligence, a finding of negligence could rest only on a finding of violation of law. But the converse is not true. The finding that there had been a violation of law would not necessarily import a finding of negligence. The jury might find that such violation did not, in the circumstances, constitute negligence. But even if the verdicts were inconsistent the defendants should have raised the question at the time the verdicts were returned. *Low Supply Co.* v. *Pappacostopoulous*, 283 Mass. 633, 635. *Belkus* v. *Murdoch*, 315 Mass. 86, 88. *Phillips* v. *Larson*, 323 Mass. 87, 91. This would have brought the matter to the attention of the judge at a time when he could have taken the necessary steps to have the error, if there was one, corrected. See *Charles* v. *Boston Elevated Railway*, 230 Mass. 536, 542. For these reasons the denial of the motion for judgment and the refusal to pass on the requests for rulings accompanying it reveal no error.

What has just been said in connection with the motion for judgment applies equally to the motion for a new trial in so far as it seeks to raise the question of the inconsistency of the verdicts. The only other ground set forth in the motion that need concern us is that which states that the verdicts were against the law. It is true that the plaintiffs' verdicts were rendered on counts which did not properly set forth a cause of action. The basis of their right to recover was negligence. Counts which set forth violation of law were neither necessary nor proper. At no time have the defendants raised this question and they do not argue it before us. The defendants, had they seen fit to do so, could have moved for directed verdicts on these counts and if the motion had been denied they would have had a valid exception. But the defendants instead of pursuing this course presented a general motion for a directed verdict on all of the counts. This motion was rightly denied, because the plaintiffs were entitled to go to the jury on the counts for negligence. To the extent that the motion for a new trial sought to raise the question that the verdicts were against the law it related to a matter that could have been raised at the trial. In these circumstances the motion was addressed to the discretion of the trial judge. *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 272 Mass. 84, 91. *Farrell* v. *Matchett*, 310 Mass. 87, 90. It is to be noted that the motion asks only that the verdicts returned for the three plaintiffs be set aside. The judge may have been convinced that justice required the setting aside of the verdicts for the defendants if those for the plaintiffs were set aside, and that since he could not set aside the verdicts for the defendants because no motion to that end had been filed as required by G. L. (Ter. Ed.) c. 231, § 127, the other verdicts ought not to be disturbed. See *Pilos* v. *First National Stores Inc.* 319 Mass. 475, 479. No abuse of discretion appears.

*Exceptions overruled.*