MICHAEL J. HOBAN *vs.* TRUSTEES OF NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk. November 8, 1950. — December 7, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Negligence*, Railroad: unlighted locomotive; Violation of law; Use of way; Contributory; Motor vehicle. *Proximate Cause. Way*, Public: unlighted vehicle, locomotive. *Motor Vehicle*, Equipment. *Evidence*, Interrogatories. *Practice, Civil*, Interrogatories.

Evidence that a railroad locomotive was standing on a public way without lights at night in violation of G. L. (Ter. Ed.) c. 85, § 15, and evidence of the circumstances of a collision with the locomotive of an automobile which had turned into the way from an intersecting street a short distance from the locomotive warranted findings that the railroad was negligent and that its negligence was a proximate cause of the collision.

Evidence that the headlights of an automobile threw a beam shorter than that required by the regulations of the registrar of motor vehicles and

evidence of the circumstances of a collision of the automobile at night with an unlighted railroad locomotive standing on a public way into which the automobile had turned from a nearby intersecting street did not require rulings that the operator of the automobile was guilty of contributory negligence and that his negligence was a proximate cause of the collision.

A party putting in evidence the adverse party's answers to interrogatories is bound by them only in the absence of evidence contradicting them.

TORT. Writ in the Superior Court dated October 24, 1945.

The action was tried before *Burns,* J.

*L. V. Concannon,* for the plaintiff.

*N. W. Deering,* for the defendants.

COUNIHAN, J. This is an action of tort for personal injuries arising out of a collision between an automobile which the plaintiff was operating and a locomotive of the defendants and in their control which was standing on East First Street, a public highway in that part of Boston called South Boston. The accident happened on April 9, 1945, at about 4:20 A.M. The action was tried to a jury who returned a verdict for the plaintiff on count 1 of the plaintiff's declaration for negligence. The judge received the verdict under leave reserved, and subsequently on the defendants' motion entered a verdict for the defendants. The action comes here on exceptions of the plaintiff to the entry of a verdict for the defendants on count 1, and also on exceptions to the allowance of motions for directed verdicts for the defendants on counts 2 and 3 which alleged a nuisance. The plaintiff has chiefly argued, however, only the questions of negligence of the defendants and contributory negligence of the plaintiff.

There was marked conflict in the evidence as to the manner in which the accident occurred, but on evidence most favorable to the plaintiff the jury could reasonably have found the following: The plaintiff was the operator of a taxicab and took on a passenger in Roxbury to drive him to the army barracks at the corner of First Street and Summer Street in South Boston. He ultimately drove along Broadway in South Boston to Flood Square. There he turned left into I Street which runs into East First Street

at a right angle. As he approached the intersection of I Street and East First Street there was an unobstructed view on his left, but on his right his view was obstructed by a building which came out to the building line. He made a right turn into East First Street at a speed of eight to ten miles an hour. He looked both ways as he was turning, saw nothing on his left, and on his right saw street lights in the distance and nothing else. As he made the turn his headlights were focussed on the further side of East First Street, and he went eight to ten feet into East First Street before he straightened out and his lights shone straight ahead. He was travelling twenty to twenty-two miles an hour when he first saw the locomotive four or five feet in front of him standing on its left side of East First Street on a spur track running parallel with East First Street. He "tried to jam on his brakes, but it was too late," and he collided with the locomotive which was standing about twenty-five feet from the right curb line of I Street facing him. He "saw no lights on the engine, none at all." There was a street light on the left corner of I Street and East First Street as he approached the intersection. At the time of the collision he was travelling twenty to twenty-two miles an hour, and the headlights of his automobile threw a beam of twenty to twenty-five feet. The accident happened approximately two hours before sunrise.

We are of opinion that there was error in entering a verdict for the defendants on count 1 under leave reserved. No citation of authorities is necessary to warrant us in saying that the rule has been well established that, where a verdict for the defendant has been entered by the judge, the evidence most favorable to the plaintiff and all inferences in his favor must be considered. In the present case the jury could reasonably find that the locomotive was standing on a public way without lights during a period from one half hour after sunset to one half hour before sunrise in violation of law. G. L. (Ter. Ed.) c. 85, § 15. See *Slattery* v. *New York, New Haven & Hartford Railroad,* 203 Mass. 453, 457. Such a violation was evidence of negligence.

Indeed the defendants argue in their brief that the plaintiff has not shown a violation of any statutory requirement as to lighting (of which there was evidence on the testimony of the plaintiff), and that, even if a violation of law were shown, it would be no more than evidence of negligence, citing *Feaver* v. *Railway Express Agency, Inc.* 324 Mass. 165. Whether this negligence was a condition or a contributing cause of the accident was a question of fact for the jury. *Woolner* v. *Perry,* 265 Mass. 74, 77. *Jacobs* v. *Moniz,* 288 Mass. 102, 104. *Feaver* v. *Railway Express Agency, Inc.* 324 Mass. 165, 168.

The defendants further argue that the plaintiff as matter of law was guilty of negligence and that such negligence contributed to the accident. We are of opinion that it could not have been so ruled. Since the adoption of the statute in 1914, now G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1, we have uniformly held that contributory negligence, if any, of the plaintiff is an affirmative defence, with the burden of proving it resting on the defendant. It may well be that the fact that the headlights on the plaintiff's automobile threw a beam of only twenty to twenty-five feet was a violation of the regulations of the registrar of motor vehicles and that in these circumstances the speed of the plaintiff's automobile was excessive, but these facts in themselves would be only evidence of negligence and would not require a ruling that as matter of law there was negligence on the part of the plaintiff and that such negligence was a contributing cause of the accident. The question of contributory negligence was one of fact to be determined by the jury. *Jacobs* v. *Moniz,* 288 Mass. 102, 105, 107. *Bresnahan* v. *Proman,* 312 Mass. 97, 100–101.

The plaintiff offered in evidence question and answer numbered 4 (e) and (f) of the plaintiff's interrogatories to the defendants as follows: "If you have knowledge that there was a collision between a locomotive of the defendant and an automobile operated by the plaintiff on April 9, 1945, please state (e) Location of lights on locomotive en-

gine. (f) Location of lights that were on at the time of the collision." "There was a headlight in the center of the front of the locomotive and a red lantern on the foot-board."

The defendants argue that this answer is evidence that there were lights on the locomotive and that this evidence is binding on the plaintiff. It is to be noted, however, that this question was in two parts and that the defendants gave but one answer which did not disclose whether it referred to question numbered 4 (e) or (f). In these circumstances it cannot be said that the plaintiff was bound by an answer which gave no information as to whether there were any lights on or not. At best, one putting in evidence his opponent's answers to interrogatories thereby binds himself to the truth of the facts stated therein only in the absence of evidence contradicting the same. *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, 373. *Pochi* v. *Brett*, 319 Mass. 197, 204. *Meunier's Case*, 319 Mass. 421, 423. Here there was testimony by the plaintiff that he saw no lights on the locomotive. *Slattery* v. *New York, New Haven & Hartford Railroad*, 203 Mass. 453, 457.

In view of the conclusion we have arrived at in reference to the entry of a verdict under leave reserved on count 1 of the plaintiff's declaration, we need not consider the plaintiff's exceptions to the allowance of motions for directed verdicts for the defendants on counts 2 and 3 of the plaintiff's declaration.

The exceptions are sustained. The verdict on count 1 entered by the judge under leave reserved is set aside, and the verdict on count 1 returned by the jury is to stand.

*So ordered.*