ROBERT NEIL *vs.* HOLYOKE STREET RAILWAY COMPANY.

Hampden.    September 17, 1952. — December 31, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence*, Violation of law, Contributory, Motor vehicle.  *Law of the Road.  Motor Vehicle*, Operation, Police vehicle.

Failure of a police officer operating a police vehicle to come to a full stop before driving into an intersection against a red traffic light deprived him of the protection of G. L. (Ter. Ed.) c. 89, § 7B, inserted by St. 1934, c. 382, and left him subject to the laws applicable to other motorists.  [583–584]

Evidence of the circumstances in which a police vehicle, driven by a police officer on a city street in answering an emergency call about one o'clock in the morning, approached an intersecting street with its siren blowing continuously and plainly audible at the intersection, entered the intersection without stopping against a red traffic light at a slackened speed of twelve miles an hour and with the siren still blowing, and collided with a motor bus which had approached from the officer's left on the intersecting street, did not require a ruling that he was guilty of contributory negligence; any violation of law by him as evidence of contributory negligence on his part was not conclusive of that issue but was merely to be considered with all the other evidence bearing thereon.

A finding of negligence on the part of the operator of a motor bus was warranted by evidence of the circumstances of a collision between the bus and a police vehicle at an intersection of city streets which the police vehicle had approached and entered against a red traffic light with its siren blowing continuously and clearly audible.  [585]

TORT.  Writ in the Superior Court dated August 8, 1949.  The action was tried before *Broadhurst*, J.

In this court the case was submitted on briefs.

*Joseph F. Kelly,* for the plaintiff.

*Robert H. Doran,* for the defendant.

RONAN, J. This is an action of tort to recover for personal injuries received by the plaintiff, a police officer, when the police vehicle he was operating in responding to an emergency call was in collision with a passenger bus of the defendant at the intersection of Main and Cabot streets in Holyoke about one o'clock on a clear morning in the middle of October, 1948. The jury returned a verdict for the plaintiff, and the judge under leave reserved entered a verdict for the defendant subject to the plaintiff's exception.

We narrate the facts which could be found from the evidence viewed, as it must be, in the light most favorable to the plaintiff. The police vehicle was proceeding southerly on Main Street about thirty miles an hour toward the intersection of Cabot Street with its siren blowing continuously and plainly audible at the intersection when the vehicle was more than three hundred feet away. The roadway of Cabot Street was forty feet wide at the intersection and Main Street forty-six feet wide. Buildings extended to the sidewalks on each of the four corners of the intersection although the entrance to the building on the northeast corner was recessed back from the sidewalk. There were traffic lights at the intersection. As the plaintiff approached the intersection the light was red and he commenced to reduce his speed one hundred fifty feet away. The plaintiff saw no vehicles in the intersection or approaching it. He entered the intersection going about twelve miles an hour with the siren still blowing. The bus travelling westerly along Cabot Street entered the intersection and was proceeding about twelve miles an hour. The plaintiff was two thirds of the way into the intersection when he first saw the bus which was then only four or five feet away. The plaintiff pulled to his right and the bus to its left and a side collision occurred.

The defendant contends that the plaintiff's own illegal conduct directly contributed to his injuries and bars recovery, that he was negligent as matter of law in entering the intersection without stopping when the traffic light was

against him, and that, therefore, he was not entitled to maintain his action for damages. It is to be noted that the defendant did not set up in its answer violation of law as a defence but it did plead contributory negligence. One who violates a criminal law, where the element of criminality included in his act and intended to be punished by the law has a direct causal effect in producing the injury, cannot recover. Criminality shown to have a causative connection with an injury bars recovery apart from any question of negligence. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. *Bourne* v. *Whitman,* 209 Mass. 155. *Patrican* v. *Garvey,* 287 Mass. 62. *Dean* v. *Leonard,* 323 Mass. 606. Violation of law in this sense was not put in issue by the answer. *Conroy* v. *Mather,* 217 Mass. 91. *MacInnis* v. *Morrissey,* 298 Mass. 505. The defendant had the right to show a violation of law as evidence of negligence on the issue of contributory negligence. Such a violation, however, would be without legal consequences on that issue unless it was a contributing cause of the plaintiff's injury. *Baggs* v. *Hirschfield,* 293 Mass. 1, 2–3.

The issue of contributory negligence presents difficulty. The statute, G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1, made no change in our substantive law, and a plaintiff whose negligence was the cause or one of the causes of his injury cannot recover; and where it appears from "facts which are undisputed or indisputable" or "evidence by which the plaintiff is bound" that the plaintiff was guilty of contributory negligence, he is barred from recovery. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 379. But where the nature of the evidence is such that a jury can properly find any set of circumstances from which a rational inference may be drawn in favor of the plaintiff, then the plaintiff is entitled to prevail on that issue even though there may be other sets of circumstances adverse to the plaintiff. *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301, 302. *Mazzaferro* v. *Dupuis,* 321 Mass. 718, 719. Testimony which points to the contributory negligence of the plaintiff may be explained or controlled by other

evidence which a jury accepts as credible. *Dean* v. *Leonard*, 323 Mass. 606. *Feaver* v. *Railway Express Agency, Inc.* 324 Mass. 165. The direction of a verdict for one party cannot be sustained "unless the evidence when construed most favorably to the opposite party would not warrant a contrary verdict, or unless evidence by which such opposite party is bound would make impossible a verdict in his favor," *Salem Trust Co.* v. *Deery*, 289 Mass. 431, 433, or as stated in *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 59–60, unless "there is no evidence, more than a mere scintilla, upon which a verdict for the other party could rest. When some evidence worthy of consideration is present the judge must submit the case to the jury, even though it may appear to him that the preponderance of the evidence on one side is so great that he would set aside a verdict rendered against such preponderance." A violation of law is not negligence per se as that doctrine has never been adopted here. *Dean* v. *Leonard*, 323 Mass. 606. Indeed, the violation of law as evidence of negligence is of no effect when the evidence viewed as a whole shows that the plaintiff was not guilty of contributory negligence. A finding that there was a violation of law is not always decisive on the issue of negligence, for a jury may properly find that it did not constitute negligence in the circumstances attending the accident. *Smith* v. *Boston Elevated Railway*, 266 Mass. 424, 433. *Baggs* v. *Hirschfield*, 293 Mass. 1, 4. *Feaver* v. *Railway Express Agency, Inc.* 324 Mass. 165, 169. Those principles of course govern the instant case, but in their application due regard must be given to the peculiar nature of the plaintiff's work which tended to expose him, to an extraordinary degree, to the dangers of the street. *Lawless* v. *Connecticut River Railroad*, 136 Mass. 1, 5–6. *Magee* v. *West End Street Railway*, 151 Mass. 240, 242.

Our statute, G. L. (Ter. Ed.) c. 89, § 7B, inserted by St. 1934, c. 382, provides, "The driver of a vehicle of a fire, police or recognized protective department shall be subject to the provisions of any statute, rule, regulation, ordinance or by-law relating to the operation or parking of vehicles,

except that a driver of fire apparatus while going to a fire or responding to an alarm, or the driver of a vehicle of a police or recognized protective department, in an emergency and while in the performance of a public duty, may drive such vehicle at a speed in excess of the applicable speed limit if he exercises caution and due regard under the circumstances for the safety of persons and property, and may drive such vehicle through an intersection of ways contrary to any traffic signs or signals regulating traffic at such intersection if he first brings such vehicle to a full stop and then proceeds with caution and due regard for the safety of persons and property, unless otherwise directed by a police officer regulating traffic at such intersection." The statute recognizes that drivers of fire and police vehicles and ambulances in the performance of their duties are confronted with slow signs, stop signals, and red lights in responding to an emergency call for aid, and that the efficiency of these departments would be greatly impaired if their members were unnecessarily hampered or delayed in arriving at the place where their services were urgently needed. They are given the right of way. Their vehicles are equipped with a siren giving a shrill signal which differs from that of other vehicles and which motorists recognize as distinctive to such vehicles, and upon hearing such a siren it is the duty of the operators of all other vehicles to yield the right of way, G. L. (Ter. Ed.) c. 89, § 7, so that the vehicles in question shall have a clear path. The passage of these public service vehicles creates serious dangers, especially to travellers proceeding in accordance with a green light at intersections of the way. While the Legislature has determined that in the public interest police and fire vehicles should be given a preference, this does not mean that the drivers have the right to enter the intersection in blind reliance on this statutory right of way. These drivers must be alert and on the lookout for other vehicles which might be attempting to traverse the intersection and whose operators are lulled into security by the thought that so long as the green light shows no vehicles will cross their path from either the right or the left. Drivers

of police and fire vehicles are bound to take reasonable precautions against the dangers created in proceeding contrary to the traffic signal. They must exercise a degree of care commensurate with the serious consequences that might follow their failure to do so.

There is an important difference between a case where an ordinary motorist runs by a red light and thereby subjects other travellers "to the serious peril to life and property almost certain to result from disregard of the signals relied upon by all other persons using the highways," *Neu* v. *McCarthy*, 309 Mass. 17, 21, and a case where the driver of a police vehicle travelling against a red light has been given a right of way in general "through any street, way, lane or alley," where the enforcement of such right is provided for by the imposition of a penalty for the wilful obstruction to the passage of such a vehicle. G. L. (Ter. Ed.) c. 89, § 7. In the next place, it could be found in the instant case that an adequate warning of the approach of the police vehicle was given by a siren which emitted a sound identified and recognized by all as denoting the approach of a police vehicle or fire apparatus. The plaintiff could reasonably assume that the siren was heard by all drivers in the vicinity of the intersection and that they would yield the right of way. It could hardly be expected that the bus driver would disregard the siren, even though the plaintiff did not stop before entering the intersection — a fact of which the bus driver was then ignorant. The jury could find that the driver of the bus would not have heard the siren and have heeded it if the plaintiff had stopped before he started to traverse the intersection when the bus driver never heard the siren until he was only four or five feet away immediately before the impact. It could be found that the intersection was clear of vehicles as the plaintiff approached and entered it, and that it reasonably could be expected to remain clear while the siren continued to blow as it did up to the time of the collision. So far as appears from the record the place of the accident was quiet. We think that the failure to come to a full stop deprived the plaintiff of the preference

created by the statute, G. L. (Ter. Ed.) c. 89, § 7B, and subjected him to the statutes, ordinances, and regulations which were binding upon other motorists; but as we have already said a jury could find that a violation of any of them did not amount to negligence when considered with all the other evidence. The contributory negligence of the plaintiff presented an issue for the jury. *Lucas* v. *Los Angeles*, 10 Cal. (2d) 476. *Leete* v. *Griswold Post, No. 79, American Legion*, 114 Conn. 400. *Miami* v. *Thigpen*, 151 Fla. 800. *Groot* v. *Chicago*, 321 Ill. App. 502. *Russell* v. *Nadeau*, 139 Maine, 286. *Travis* v. *Collett*, 218 Minn. 592. *Garrett* v. *Schenectady*, 268 N. Y. 219. *Reilly* v. *Philadelphia*, 328 Penn. 563. *Sam* v. *Sullivan*, 189 S. W. (2d) 69 (Tex. Civ. App.). *Ferraro* v. *Earle*, 105 Vt. 243.

The case is plainly distinguishable from those where a person is injured while driving an unregistered automobile upon the highway or while coasting upon a public way where coasting is forbidden. The operator of such an automobile is barred from recovery because his violation of law is as matter of law the proximate cause of his injury. The coaster cannot recover because his use of the way was in violation of law and such violation directly caused his injury. Both classes of cases rest upon the principle that "the illegal element in the plaintiff's conduct permeates his whole course of action while the violation continues and enters into every act and movement out of which injury results." *Scranton* v. *Crosby*, 298 Mass. 15, 16. *Reynolds* v. *Jacobucci*, 317 Mass. 500. *Dean* v. *Leonard*, 323 Mass. 606. The unregistered automobile has often been referred to as a trespasser on the way. The coaster was not rightfully on the way for the purpose of coasting. On the other hand, the presence of the police vehicle on the way was lawful. This case is also distinguishable from those where one is proceeding over a grade crossing without observing the provisions of G. L. (Ter. Ed.) c. 90, § 15, as amended by St. 1933, c. 26, § 1. Failure to comply with the statute is as matter of law a direct cause of his injury. *Brown* v. *Boston & Maine Railroad*, 302 Mass. 90, 91–92, and cases cited.

Cases involving the due care of a traveller arising out of a collision with the automobile of another at an intersection, where the conduct of both parties with respect to traffic signals or lights or the signals of a traffic officer has been in issue, have frequently come before this court,[1] but we do not think the facts in any of these cases are similar enough to those in the present case to be of value with the possible exception of *Neu* v. *McCarthy,* 309 Mass. 17, where the plaintiff in a military convoy continued in line after the light changed to red and the question arose whether he was exercising due care if he was required to proceed in obedience to his commanding officer. We are not aware that there is anything in these decisions contrary to what is here decided. The necessity to proceed of the plaintiff in the *Neu* case and in the instant case became material although there may have been different degrees of necessity.

The negligence of the bus driver was a question of fact. The jury could find that he should have heard the siren and yielded the right of way to the police vehicle instead of entering the intersection and continuing to cross it until it was too late to avoid the collision. *Driscoll* v. *Boston Elevated Railway,* 223 Mass. 533. *Aromando* v. *Leach,* 306 Mass. 286, 291. *Brightman* v. *Blanchette,* 307 Mass. 584, 586.

The exceptions are sustained. The verdict entered under leave reserved is set aside and judgment is to be entered in accordance with the verdict returned by the jury.

*So ordered.*

---

[1] Some of these cases are *Donovan* v. *Mutrie,* 265 Mass. 472, *Margeson* v. *Town Taxi, Inc.* 266 Mass. 192, *Pendergast* v. *Long,* 282 Mass. 200, *Reinhardt* v. *Newton Public Market, Inc.* 290 Mass. 86, *Neverett* v. *Patch,* 295 Mass. 454, *Nolan* v. *Shea,* 312 Mass. 631, and *Bartley* v. *Phillips,* 317 Mass. 35.