## Southern District

### No. 13221

## HAROLD DUFFY

v.

## WALTER F. LYONS

*Nash, J.* Tort to recover for property damage to plaintiff's automobile caused by the collision between it and that of the defendant [all of which is fully stated in the cross action].

The plaintiff seasonably filed three requests for rulings of which number 1 was allowed but those numbered 2 and 3 were denied. They are as follows:

"2. Upon all the evidence the Court is required to find that the defendant violated The Rules and Regulations For Driving on the State Highways.

"3. The plaintiff was not, as a matter of law, guilty of contributory negligence."

The court found for the defendant and made the following findings of fact:

"The Court finds Harold Duffy operated his motor vehicle in a negligent manner. The Court finds Walter F. Lyons without contributory negligence.

"The Court finds the stopping and parking of the Lyons car was a temporary and reasonable incident to travel. Further the parking of the Lyons car is found on the testimony given and accepted as an incident and circumstance but not a cause of the collision."

The plaintiff claiming to be aggrieved by the denial of his requests for rulings numbered 2 and 3 brings this report to this Appellate Division for determination.

The report states it contains all the evidence material to the questions reported.

Violation of a statute that is penal in nature and does not create a new civil cause of action directly or by implication is not evidence of negligence. *Berdos v. Tremont & Suffolk Mills*, 209 Mass. 489, 493, 494; *Baggs v. Hirschfield*, 293 Mass. 1, 2, 3 and c.c.; *Richmond v. Warren Institute for Savings*, 307 Mass. 483, 485; *Neil v. Holyoke St. Ry.*, 329 Mass. 578, 580, and as to regulatioss promulgated under authority of law, see *Garland v. Stetson*, 292 Mass. 95, 101; otherwise violation of a criminal statute or ordinance is evidence of negligence. *Wright v. Malden & Melrose RR.*, 4 Allen, 283, 290, *McDonald v. Snelling*, 14 Allen 290, 294; *Gordon v. Bedard*, 265 Mass. 408, 411; *Guinan v. Famous Players-Lasky Corp.*, 267 Mass. 501, 516; *Rea v. Checker Taxi Co.*, 272 Mass. 510, 512 but actionable negligence does not result unless it can be shown that the negligence contributed to the injury suffered. *Newcomb v. Boston Protective Department*, 146 Mass. 596, 600; *Falk v. Finkelman*, 268 Mass. 524, 527; *Milbury v. Turner Center System*, 274 Mass. 358, 361, and c.c.

In the case at bar it could have been found that the defendant in his automobile was stopped in a rural area without street lights mainly in the right hand lane with part of the automobile in the inner right hand lane in a forty-five mile per hour zone heading southerly on a forty foot macadam highway that was clear and dry at 8:30 p.m. with his lights on, when the plaintiff driving southerly at fifty miles per hour came down a grade and when rounding a curve saw the defendant's automobile 150 feet away and seeing two people in the middle of the roadway at the same time drove his car from the inner to the outer right hand lane and the left forward fender of his automobile struck the right rear of the defendant's automobile, and the plaintiff's car left brake marks in the road a distance of 18 paces from the defendant's automobile.

The trial court found that the plaintiff operated

his automobile in a negligent manner and that the defendant was not contributorily negligent. The judge was warranted in coming to this conclusion.

In dealing with the disputed ruling numbered 2, in view of this finding that the "stopping and parking of the Lyons (defendant) car was a temporary and reasonable incident to travel" it would follow that the trial judge found that he did not violate the regulations set forth. Though we may not have found similarly we cannot say that he is clearly wrong. Further, the parking of the Lyons (defendant) car is found on the testimony given and accepted as "an incident and circumstance but not a cause of the collision". If therefore, he were in error, it would not be prejudicial.

The trial court was in error in dealing with request numbered 3. It should have been given but in view of his special and general findings set forth above, the error is not prejudicial. *Bresnick v. Heath*, 292 Mass. 293, 298, 299; *Perry v. Hanover*, 314 Mass. 167, 175, 176; *Rummel v. Peters*, 314 Mass. 504, 517, 518; *Liberatore v. Framingham*, 315 Mass. 538, 541, 542; *Lawrence v. O'Neill*, 317 Mass. 393, 394, 395; *L. Grossman Sons v. Rudderham*, 319 Mass. 698; *Connell v. Maynard*, 322 Mass. 245, 246; *Horton v. Tilton*, 325 Mass. 79, 80.

By this ruling the plaintiff sought to have the judge determine that there was evidence that would justify the trial court in making a finding for the plaintiff. By denying it the Court indicated that there was not such sufficient evidence, but when he found that the plaintiff was negligent and that the defendant was without contributory negligence and that the parking of the defendant's car was an "incident and circumstance but not a cause of the collision" his failure to rule as the plaintiff requested became immaterial. *Report Dismissed.*